## UNITED STATES *v.* DAVIS.

## UNITED STATES *v.* SCHOFIELD.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MARYLAND.

Nos. 1425, 1426.   Submitted April 1, 1889.—Decided May 13, 1889.

An appeal lies to this court from a judgment against the United States rendered under the jurisdiction conferred on District Courts by the act of March 3, 1887, 24 Stat. 505, c. 359, without regard to the amount of the judgment.

MOTION TO DISMISS for want of jurisdiction. The case is stated in the opinion.

*Mr. Charles C. Lancaster* for the motion.

*Mr. Assistant Attorney General Howard* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

On the 3d of March, 1887, an act of Congress was approved, entitled "An act to provide for the bringing of suits against the government of the United States," 24 Stat. 505, c. 359, of which the first, second, ninth and tenth sections are as follows:

"That the Court of Claims shall have jurisdiction to hear and determine the following matters:

"First. All claims founded upon the Constitution of the United States or any law of Congress, except for pensions, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, with the government of the

United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable : *Provided, however,* That nothing in this section shall be construed as giving to either of the courts herein mentioned, jurisdiction to hear and determine claims growing out of the late civil war, and commonly known as 'war claims,' or to hear and determine other claims, which have heretofore been rejected, or reported on adversely by any court, department, or commission authorized to hear and determine the same.

"Second. All set-offs, counter-claims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the government of the United States against any claimant against the government in said court : *Provided,* That no suit against the government of the United States, shall be allowed under this act unless the same shall have been brought within six years after the right accrued for which the claim is made.

"SEC. 2. That the District Courts of the United States shall have concurrent jurisdiction with the Court of Claims as to all matters named in the preceding section where the amount of the claim does not exceed one thousand dollars, and the Circuit Courts of the United States shall have such concurrent jurisdiction in all cases where the amount of such claim exceeds one thousand dollars and does not exceed ten thousand dollars. All causes brought and tried under the provisions of this act shall be tried by the court without a jury."

"SEC. 9. That the plaintiff or the United States, in any suit brought under the provisions of this act shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made, and upon the conditions and limitations therein contained. The modes of procedure in claiming and perfecting an appeal or writ of error shall conform in all respects, and as near as may be, to the statutes and rules of court governing appeals and writs of error in like causes.

"Sec. 10. That when the findings of fact and the law applicable thereto have been filed in any case as provided in section six of this act, and the judgment or decree is adverse to the government, it shall be the duty of the district attorney to transmit to the Attorney General of the United States certified copies of all the papers filed in the cause, with a transcript of the testimony taken, the written findings of the court, and his written opinion as to the same; whereupon the Attorney General shall determine and direct whether an appeal or writ of error shall be taken or not ; and when so directed the district attorney shall cause an appeal or writ of error to be perfected in accordance with the terms of the statutes and rules of practice governing the same: *Provided,* That no appeal or writ of error shall be allowed after six months from the judgment or decree in such suit.   From the date of such final judgment or decree interest shall be computed thereon, at the rate of four per centum per annum, until the time when an appropriation is made for the payment of the judgment or decree."

Under that act Schofield filed his petition against the United States in the District Court of the United States for the District of Maryland, August 20, 1887, and judgment was rendered in his favor on the 6th day of October, 1887, in the sum of twenty-five dollars and costs.   On the 16th day of January, 1888, an appeal was prayed by the United States to this court and allowed, and the transcript filed in the clerk's office, October 27, 1888.

Davis filed his petition in the same court, September 2, 1887, and recovered judgment November 18, 1887, in the sum of twenty-five dollars and costs, from which an appeal was prayed to this court, January 16, 1888, and the transcript filed in the clerk's office October 27, 1888.

A motion to dismiss is filed in each of these cases on behalf of the appellees, respectively, upon the ground that an appeal will not lie to this court from a District Court performing the appropriate duty of a District Court, and that this court has not jurisdiction to re-examine judgments of Circuit or District Courts since the act of February 16, 1875, 18 Stat. 315, c. 77, in such actions, unless the matter in dis-

pute shall exceed the sum or value of five thousand dollars, exclusive of costs, and "that the United States are not entitled to a writ of error or appeal if the same remedy would not be afforded under similar circumstances to a private party."

By the act under which these suits were brought the District Court was given concurrent jurisdiction with the Court of Claims as to matters of which that court had jurisdiction, "where the amount of the claim does not exceed one thousand dollars," and the same right of appeal was given to the plaintiff or the United States as "now reserved in the statutes of the United States in that behalf made."

Section 707 of the Revised Statutes reads :

"An appeal to the Supreme Court, shall be allowed, on behalf of the United States, from all judgments of the Court of Claims adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds three thousand dollars, or where his claim is forfeited to the United States by the judgment of said court, as provided in section one thousand and eighty-nine."

By § 708 such appeals must be taken within ninety days after the judgment is rendered, but this period is enlarged to six months by § 10 of the act in question.

Inasmuch as the object of the latter act was to enable the District and Circuit Courts to exercise concurrent jurisdiction with the Court of Claims in respect to suits against the United States, as therein provided, in our judgment the right of appeal reserved to the government "in the statutes of the United States in that behalf made," before the enactment of this act, was the right of appeal reserved in the statutes relating to the Court of Claims, and as that right could be exercised by the United States in the instance of any judgment of the Court of Claims adverse to the United States, it follows that the same right can be exercised by the United States in any case of the prosecution of a claim in the District or Circuit Courts of the United States under said act. The result is that

*The motions to dismiss in these cases must be overruled.*