JACOB JOHNSON, Appellant, v. UNITED STATES,
   Respondents.

Courts.—Jurisdiction of Territorial Court.—Claims Against
   United States.—A claim of a United States Commissioner for
   fees against the United States may be sued on in a territorial
   district court, under Sec. 1910, Rev. Stat. U. S., and an appeal
   may be had from a judgment of such territorial court to the
   territorial supreme court.
Id.—Id.—Succeeding Statute.—The statute conferring upon Terri-
   torial district courts jurisdiction in all cases arising under the
   Constitution and laws of the United States the same as is vested
   in district and circuit courts of the United States extends the
   jurisdiction of such Territorial courts to all cases wherein juris-
   diction is conferred upon circuit and district courts of the
   United States by laws subsequent to that which provides for the
   jurisdiction of Territorial courts.

Motion to dismiss an appeal for want of jurisdiction.
The opinion states the facts.

*Mr. George Sutherland* and *Mr. S. R. Thurman* for the
appellant and against the motion.

*Mr. Charles S. Varian,* U. S. Attorney, for the respond-
ent and for the motion.

Zane, C. J.:

This action was instituted by the plaintiff, in the district
court of the first judicial district, to recover fees for
services as commissioner in United States cases. Upon a
hearing of the case, the court rendered judgment against
the plaintiff, from which he appealed to this court. It
was brought under "An act to provide for the bringing of
suits against the United States," in force March 3d, 1887,
(24 U. S. St., p. 505, c. 359). Its provisions, so far as
necessary to refer to them for the purposes of this case,
are as follows: Section 1. "The court of claims shall have
jurisdiction to hear and determine   *   *   *   all claims

founded upon the constitution of the United States, or any laws of congress, except for pensions, or upon any regulation of any executive department, or upon any contract, express or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty, if the United States were suable." This section gives the court of claims jurisdiction of the causes of action described in it; and section 2 provides that the district courts of the United States shall have concurrent jurisdiction with the court of claims, as to all of such causes, where the amount of the claim does not exceed $1,000; and the circuit courts of the United States shall have such concurrent jurisdiction in all of such cases when the amount claimed exceeds $1,000, and does not exceed $10,000. And section 9 reads as follows: "The plaintiff or the United States, in any suit brought under the provisions of the act, shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made, and upon the conditions and limitations therein contained." Section 707 of the Revised Statutes of the United States reads: "An appeal to the supreme court shall be allowed on behalf of the United States from all judgments of the court of claims adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds $3,000."

In *United States* v. *Davis*, 131 U. S., 36, 9 Sup. Ct. Rep., 657, the court, after referring to the above provisions of law, said: "Inasmuch as the object of the latter act was to enable the district and circuit courts to exercise concurrent jurisdiction with the court of claims in respect to suits against the United States as therein provided, in our judgment the right of appeal reserved to the government 'in the statutes of the United States in that behalf made,' before the enactment of this act, was the right of appeal reserved in the statutes relating to the court of claims; and, as that right could be exercised by the United States in the instance of any judgment of the court of

claims adverse to the United States, it follows that the same right can be exercised by the United States in any case of the prosecution of a claim in the district or circuit courts of the United States under said act." Section 1910; Rev. St. U. S., reads: " Each of the district courts in the territories   *   *   *   shall have and exercise the same jurisdiction in all cases arising under the constitution and laws of the United States as is vested in the circuit and district courts of the United States;   *   *   *   but writs of error and appeals in all cases may be had to the supreme court in each territory, as in other cases." By section 9, above mentioned, as construed in *United States* v. *Davis, supra,* the same right of appeal secured in the law relating to the court of claims is reserved, whether the action is brought in that court, or in the district or circuit courts of the United States; and, as the district courts of the territories, within their respective limits, have the same jurisdiction in all cases arising under the constitution and laws of the United States as is vested in the circuit and district courts of the United States, it follows that the right of appeal to the supreme court of the United States exists in behalf of the United States in all such cases so instituted in the district courts of the territories, and on behalf of the opposite party when the amount in controversy exceeds $3,000.

The act of March 3d first made claims against the United States like the one in controversy actionable. Judgments in the district courts of the territories in such causes would be appealable to the territorial · supreme court under section 1910, referred to, unless forbidden by section 9, quoted. If such appeal does not lie, then the judgments of the district courts of the territories are final in all such cases when the claim in controversy does not exceed $3,000. That section does not, in express terms, deny the right of such appeal. Therefore, if such · appeal is denied, it must be by implication. The law does not favor repeals by implication, and the same rule applies where the implication, if allowed, would so limit and narrow an existing law as to deny to parties important rights which they otherwise would enjoy. The actions author-

ized by the law under which the suit was brought are only for claims against the United States. An appeal from the district to the supreme court of the territory cannot deprive either party of any right of appeal to the supreme court of the United States under the act by virtue of which this suit is prosecuted; for the section in which such right is reserved declares " that the plaintiff or the United States, in any suit brought under the provisions of this act, shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made," and that means, as seen, the right of appeal to the supreme court of the United States given in section 707. Such right of appeal to the supreme court of the United States exists as to all suits for claims against the United States under the act. The right of appeal to the supreme court of the territory cannot deprive either party of this right of appeal to the supreme court of the United States. If no appeal is taken to the latter, one may be had to the former, and in that way both rights may stand together. It follows that the motion to dismiss for want of jurisdiction of the appeal by this court must be denied. The motion is overruled.

HENDERSON, J., and ANDERSON, J., concurred.

Afterwards the court delivered the following opinion, wherein the facts are stated:

ZANE, C. J.:

The appellant brought this suit to recover compensation for services rendered by him as a United States commissioner. His claim consists in part of fees taxed in cases in which the United States was plaintiff. The claim appears to be a just one, but the district court entered a judgment of dismissal upon the ground that the district courts of the Territory have no jurisdiction of causes against the United States. From that judgment the plaintiff has appealed to this court. Two questions are presented for our consideration and decision: (1) Had the court below jurisdiction of the cause? (2) Has this court

jurisdiction of the appeal?   Section 1 of an act in force March 3, 1887, (24 St. at Large, 505), provides that "the court of claims shall have jurisdiction to hear and determine   *   *   *   all claims founded upon   *   *   * any law of Congress   *   *   *   or upon any contract, express or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty, if the United States were suable."   Undoubtedly the United States would have been suable on this cause of action in the court of claims.   The plaintiff's claim constituted a cause of which that court would have had jurisdiction.   And section 2 of the same act provides that the district courts of the United States shall have concurrent jurisdiction with the court of claims as to all such causes where the amount of the claim does not exceed $1,000, and the circuit courts of the United States shall have such concurrent jurisdiction in all of such cases when the amount claimed exceeds $1,000 and does not exceed $10,000.   This section gives the district courts jurisdiction of all actions embraced in the first section when the amount does not exceed $1,000, and the circuit courts when the amount exceeds that, and is not more than $10,000.   Subject to the limitation, as to amount, the district and circuit courts, under the first section mentioned, have the same jurisdiction as the court of claims. The claim for which this action was instituted amounted to $158.70, and a suit to recover it could have been maintained in a district court of the United States.   And section 1910 of the Revised Statutes of the United States provides, in the following terms, that "each of the district courts of the Territories shall have and exercise the same jurisdiction in all cases arising under the constitution and laws of the United States as is vested in the circuit and district courts of the United States."   In view of this provision and those quoted above, we are of the opinion that the court below had jurisdiction of the subject-matter of the action and of the parties to it.   With respect to the second point mentioned above, section 1910 declares that

" writs of errors and appeals in all such cases may be had to the supreme court of each Territory as in other cases." That provision gives the right of appeal to this court unless section 9 of the act of March 3d, *supra*, in connection with section 707, Rev. St. U. S. forbids it by implication. Section 9 as construed by the court in the case of *U. S.* v. *Davis,* 131 U. S. 36; 9 Sup. Ct. Rep. 657, gives the plaintiff of the United States in any suit under the act the same right of appeal as is reserved in section 707, *supra;* and that section gives the United States the right of appeal from all judgments of the court of claims adverse to it, and reserves the right of appeal to the plaintiff in all cases where the amount in controversy exceeds $3,000.   At the present term this court, in deciding a motion to dismiss this appeal, said:   " If such appeal does not lie then the judgments of the district courts of the Territory are final in all such cases when the claim in controversy does not exceed three thousand dollars.  That section (section 9) does not, in express terms, deny the right of such appeal. Therefore, if such appeal is denied, it must be by implication.   The law does not favor repeals by implication; and the same rule applies where the implication, if allowed, would so limit and narrow an existing law as to deny to the parties important rights.   *   *   *      The right of appeal to the supreme court of the Territory cannot deprive either party of this right of appeal to the supreme court of the United States.   If no appeal is taken to the latter, one may be had to the former, and in that way both rights may stand together."   We adhere to the decision from which these quotations are made.   The judgment appealed from is reversed, and the case is remanded to the district court. (1)

ANDERSON, J., and HENDERSON, J., concurred.

---

(1) This cause was appealed to the Supreme Court of the United States and the appeal there dismissed with the consent of the Attorney General.   140 U. S. 703.