## UNITED STATES v. YUKERS.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1894.)

### No. 187.

1. APPEAL—BY UNITED STATES—JURISDICTION.
   The United States have a right to appeal from any judgment of any amount rendered against them under Act March 3, 1887, authorizing suits to be brought against the United States. U. S. v. Davis, 9 Sup. Ct. 657, 131 U. S. 36, followed.

2. TRIAL—SUFFICIENCY OF FINDINGS.
   In an action against the United States for a pile driver, boat, engine, and tools lost while hired by the government, a finding for the plaintiff for "a pile driver, its tackle, apparel, and furniture" is sufficiently specific on appeal, where the record does not show any request for a more specific finding, and the evidence is not preserved in the record.

3. BAILMENT—NEGLIGENCE OF BAILEE—LIABILITY.
   Where a hired chattel is lost while in the possession of the hirer, and on account of his negligence, he is liable for its value to the owner.

Appeal from the Circuit Court of the United States for the Southern District of Alabama.

Action by John M. Yukers against the United States. Plaintiff obtained judgment. Defendant appeals.

J. N. Miller, for the United States.

R. T. Ervin, for appellee.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge. The appellee, John M. Yukers, brought suit against the United States under the provisions of the act of March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States" (24 Stat. 505), to recover the value of a certain pile driver, boat, engine, and tools, alleged to have been lost and destroyed while chartered and hired to the United States. The facts of the case, as found by the circuit court, are as follows:

"The facts, as shown by the proof, are that one Thompson, who was in the employment of the defendants, was authorized by Major Quinn, Corps U. S. Engineers, to hire for the defendants a pile driver for use in some public work to be done in Mobile bay by Thompson; that Thompson hired the pile driver from the plaintiff at the price of seven dollars a day, with the agreement to return it when the work was done, and which was to be within ten days; that he took charge of the pile driver, hired men to work it, had it towed to the beacon in Mobile bay, where the work was to be done, and towed back to the city every night during the progress of the work, except two, when it was left moored at the place where the work was being done. On these two nights one Whitaker, who was one of Thompson's employes, was left aboard of the pile driver as watchman. There was no specific order for Whitaker to stay aboard, but Thompson said some one of the men must stay aboard as watchman, and Whitaker replied that he would stay, and did so. The plaintiff engaged the men to work on the pile driver, but did so for Thompson, and at his request. Plaintiff himself was an employe of Thompson's, having been hired by him as a carpenter at the rate of $75 per month. One Caldwell was hired as engineer, but by common consent—impliedly at least—plaintiff operated the engine in Caldwell's place. Thompson knew this, and assented to it. He testifies that he hired the pile driver, and at the same time hired the plaintiff as a carpenter; that he did not hire the

use of pile driver with plaintiff to operate it, and that he did not tell plaintiff that he was expected to manage and control it, and to be responsible for it. Thompson directed the work, the anchoring and mooring of the pile driver while in the bay, and the towing of it to and from the city. The pile driver was fit for use and was serviceable for the purpose for which it was hired, and did actually perform the work, which had been completed on the day of the night the pile driver was lost. The pile driver sunk, and in a few days became a total wreck; the loss occurred by the fault or neglect of Thompson or of his servants. Thompson says it was caused by the neglect of Whitaker, who was the watchman left in charge of the pile driver. Other evidence tends to show that it was caused by improper mooring. There was some conflict in the evidence as to the value of the property, and as to what was the necessary equipment of the pile driver. The amount claimed was $1,959.45."

A preliminary motion is made to dismiss this appeal on the ground that the case cannot be brought to this court for review by appeal, a writ of error alone being the proper process. The question of the right of the United States to appeal from the judgments rendered under the above-mentioned act of 1887 was considered by the supreme court of the United States in U. S. v. Davis, 131 U. S. 36, 9 Sup. Ct. 657. There the provisions of the act in relation to the right of appeal, in connection with sections 707 and 708 of the Revised Statutes, were fully considered, and the court held that an appeal would lie from a judgment against the United States under said act, without regard to the amount of the judgment. The motion to dismiss the appeal must be denied.

The first assignment of error is that the court erred in finding that the United States was liable on the contract made by Thompson with the plaintiff for the use of his (plaintiff's) pile driver. According to the evidence in the record and the finding of the circuit court, the loss of the pile driver occurred by the fault or neglect of the agents of the United States. This being the case, and the hiring being admitted, it seems clear that the United States was liable in the premises. It is elementary that every hirer of a chattel is bound to use the thing let in a proper and reasonable manner; to take the same care of it that a prudent and cautious man ordinarily takes of his own property; and, if a loss occurs through the fault or neglect of the hirer, or the hirer's servant, acting within the scope of his employment, the hirer is liable.

The second assignment of error is based upon evidence and is abandoned.

The third assignment of error is that the court erred in failing to find severally and separately the value of each piece of property sued on for which judgment was rendered against the United States; and the fourth is that the court erred in finding an aggregate value for all the several pieces of property sued on in the case. On these matters the trial judge found as follows:

"I find that under the circumstances of this case the defendants are liable for the loss, but that they can only be made liable for the pile driver and its essential equipments for the specific service. Carpenters' tools and other implements that were on board of the pile driver, and that were not included in the hiring of the pile driver as a part of its necessary equipment, cannot be considered as a part of the damages. It is only such tools as pertain essentially to the pile driver, and which were included in the hiring, that can be re-

garded in assessing the damages. I have found much trouble in making a just assessment of the damages. But under the proof I have concluded that $1.578.95 would be fair and reasonable."

The record does not show that any request was made to the trial judge to be more specific in his findings. To the extent which he went in the case, we think he has complied with the seventh section of the statute of 1887, in relation to findings of the court. As we regard his finding, it was one for "a pile driver, its tackle, apparel, and furniture," as one certain thing. As it is admitted that all the evidence is not brought up in the record, we cannot say that the judge erred in not being more specific.

The fifth assignment of error is that the court erred in failing to find that, as the plaintiff was in charge of his own pile driver when it was lost, the defendants are not liable in damages for the loss of the pile driver and its equipments. We do not find in the record any evidence to show that the plaintiff was in charge of his own pile driver when it was lost; in fact, the contrary appears. The motion to dismiss the appeal herein is denied, and the judgment appealed from is affirmed.