## UNITED STATES v. TINSLEY.

### (Circuit Court of Appeals, Fourth Circuit. May 28, 1895.)

### No. 94.

PRACTICE—FINDINGS—SUIT AGAINST THE UNITED STATES.

Where, in an action brought against the United States, pursuant to the act of March 3, 1887 (24 Stat. 505), the facts are undisputed, no answer being interposed on behalf of the government, but questions of law only being argued on the plaintiff's pleadings, an opinion in writing, by the court, which expressly or impliedly finds all the necessary facts, and gives judgment for the amount allowed, though it does not state separately findings of fact and conclusions of law, is a sufficient compliance with the requirements of the statute as to the decision of the court, although it is the better practice to make such separate findings and conclusions.

In Error to the Circuit Court of the United States for the Western District of Virginia.

This was an action brought by William B. Tinsley, chief supervisor of elections for the Western district of Virginia, against the United States, pursuant to the act of March 3, 1887, to recover fees as such supervisor. The circuit court gave judgment for the plaintiff. Defendant brings error. Affirmed.

A. J. Montague, U. S. Atty.

William B. Tinsley, pro se.

Before GOFF and SIMONTON, Circuit Judges, and SEYMOUR, District Judge.

SIMONTON, Circuit Judge. This case comes up on a writ of error to the circuit court of the United States for the Western district of Virginia. The action was brought in the circuit court under the provisions of the act of congress entitled "An act to provide for the bringing of suits against the United States," approved March 3, 1887 (24 Stat. 505).

The plaintiff below (defendant in error here) in September, 1891, filed his petition against the United States, claiming payments for certain items in his account against the government as chief supervisor of elections, which had been presented to and disallowed by the first comptroller of the treasury. The disallowed items are as follows:

| Date of Adjustment. | Treas. Rept. | Charge or Item Disallowed. | | Amount. |
|---|---|---|---|---|
| Feb. 21, 1887. | 100,901. | Blank oaths, etc., furnished supervisors.. | $14 00 | |
| April 9, 1889. | 113,833. | Blank oaths, etc., furnished supervisors.. | 14 00 | 28 00 |
| Feb. 21, 1887. | 100,901. | Indx. 810. Comrs. of Sup'rs. 810 fol....... | 121 50 | |
| Nov. 10, 1890. | 124,515. | Indx. 65. 65 fols., at 15 cents............. | 9 75 | 131 25 |
| Feb. 21, 1887. | 100,901. | Admrs. 10 oaths of office to Sup'rs.............. | | 2 50 |
| April 9, 1889. | 133,833. | Recording and Indx. names, returns, Rpts., etc., of Sup'rs, 5,035 fols., at 15 cents................. | | 755 25 |
| Nov. 10, 1890. | 124,515. | Filg. 65 recommendations of Sup'rs............. | | 6 50 |
| Nov. 10, 1890. | 124,515. | Copies of Sup'rs' Rpts. furnished in criminal cases, is of elec. laws ........:.................. | | 129 15 |
| Total...................................................................................... | | | | $1,052 65 |

v. 68F.no.4—28

With the petition, as an exhibit, he filed a full statement of the disallowances on his whole account by the first comptroller, with the reasons for such disallowances. These reasons are not for non-performance of the services rendered, but for illegality of the charges. No answer or other pleading was interposed. But both sides filed briefs of argument. After hearing, the court rendered its opinion on each item of the claim nominatim, and allowed every item but the one for $6.50, stating the amount allowed, and the reasons for the allowance. On the same day the judge filed his judgment, reciting the proceeding; that it is a claim for fees disallowed in plaintiff's account for services as chief supervisor of elections for the Western district of Virginia, properly made out and duly approved by the court, and presented to the proper accounting officers; that the petition was duly filed and served, and evidence in support of the same heard. Then follows the order that the plaintiff recover of the United States the sum of $1,046.15, with interest at 4 per cent. per annum. From this judgment, after motion for new trial made, refused, and exception taken, a writ of error was sued out from this court.

There are seven assignments of error. The seventh will be first considered, as it goes to the whole case. It is in these words:

"In failing to make specific findings of the facts in the case, as required by section 7 of the act of March 3, 1887 (24 Stat. 503)."

The section provides that:

"It shall be the duty of the court to cause a written opinion to be filed in the cause setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case and to render judgment thereon."

The court in this case filed an opinion, but did not file a separate finding of facts, followed by conclusions of law. The supreme court of the United States, in O'Reilly v. Campbell, 116 U. S., at page 421, 6 Sup. Ct. 421, discussing a case very similar to this says:

"Findings are not to be construed with the strictness of special pleadings. It is sufficient if from them all, taken together with the pleadings, we can see enough upon a fair construction to justify the judgment of the court, notwithstanding their want of precision and the occasional intermixture of matters of fact and conclusions of law. Defects of form should be called to the attention of the trial court by the objecting party, and the requisite correction of the findings would seldom be denied."

It may be remarked in passing that the plaintiff in error had an opportunity of doing this when he made his motion for a new trial, and did not avail himself of it. The pleadings in this case set out in full the items of the account claimed, accompanied by the full text of allowances and disallowances by the department. These showed that no facts were disputed, and that the questions were all questions of law. The course pursued by the district attorney, interposing no formal denial, and proceeding to an argument on the pleadings of the petitioner, leads to the conclusion that the fact of service was not disputed, and that his objections were as to the legality of the charges. From these enough can be seen to enable an examination into the judgment of the court. There were four

essential facts to be found in this case: (1) That the claimant was the chief supervisor of elections for the Western district of Virginia; (2) that his account or fee bill was duly presented to the treasury department, as required by law; (3) that the items and amounts of the said account have been disallowed by the said department; (4) that the services charged for in said account have been duly performed by claimant as said chief supervisor. The opinion opens with the statement that the petition is filed by William B. Tinsley, chief supervisor of elections for the Western district of Virginia, under the act of congress of March 3, 1887, to recover fees claimed to be due him, which have been disallowed by the first comptroller of the treasury. Then it gives the amount of these fees,—$1,052.65. The opinion then states each item in detail: (1) Printing blanks for petitions, oaths, and notices, $28; (2) indexing 875 commissions or appointments of supervisors, $131.25; (3) administering the oath of office to 10 supervisors, $2.50. It is impossible to read what is said of these items without concluding that the court not only passed upon the validity of the charges, but on the fact of the service also. Without this it could not have allowed the charge. In the fourth item, recording and indexing names, etc., of supervisors, the court refers in terms to the evidence, and in doing so states "the facts found from the evidence" (Insurance Co. *v.* Tweed, 7 Wall., at page 51), and on these facts allows the amount charged,—$755.25. So, with the sixth item, it states the fact that copies of the reports of supervisors were furnished to the United States attorney to be used by him in criminal prosecutions, and adopts the evidence that these copies were furnished by request. Having thus gone into the items of the account in detail, and stating in figures the sum allowed in each item, and the amount of one disallowance, the judgment of the court gives the exact aggregate sum allowed. This takes the case out of U. S. *v.* Clark, 94 U. S. 75.

It is better practice to state the findings of fact distinctly, and afterwards to set forth the conclusions of law. The statute, however, requires the court to file a written opinion, and to render judgment thereon. When the facts do not seem to be disputed, and when the only questions made are whether the charges are according to the written law, it is difficult in an opinion to pursue any other course than that taken here. At all events, when, as in this case, the pleadings, exhibits, opinion, and judgment enable this court to see enough, upon a fair construction, to justify the judgment of the court below, it would push a regard for mere form very far if the cause were remanded solely for the purpose of changing the mode of presenting the conclusions of the circuit court. This assignment of error is overruled. Of the other assignments of error, five go to the several items, and the sixth to the aggregate of them. Each of these has been considered, and the arguments against them, but no error in the ruling of the court has been seen.

The decree of the circuit court is affirmed.