UNITED STATES v. HARRIS et al.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

No. 319.

APPEALS AND WRITS OF ERROR—SUITS AGAINST UNITED STATES—ACT MARCH 3, 1887.

One H. was arrested on the charge of obtaining money from post offices on forged money orders, and while in the custody of the marshal a sum of money was taken from his person by a special agent of the post-office department. Afterwards H. gave to his attorney an order upon the said post-office agent for the money, a specified sum thereof to be retained by the attorney as fees, and the remainder to be paid over to H.'s wife, to whom he was indebted. This order was not recognized, and the money was ultimately covered into the United States treasury. Subsequently H. gave the attorney an assignment of his rights to such money in trust for the same purposes. Thereafter the attorney filed a petition against the United States, under the act of March 3, 1887 (24 Stat. 505), to recover the money for the use of himself and H.'s wife. The wife, on the same day, was allowed to become a party plaintiff, and afterwards, the cause having been partly heard, H. himself was substituted as petitioner, for the use of his attorney and his wife. *Held* that, as the attorney had only an equitable title under the assignment, and as H. also, after his substitution, sued merely as a trustee, the suit was at all times of an equitable character, and consequently the proper method of reviewing the judgment rendered was by an appeal.

Appeal from the Circuit Court of the United States for the Northern District of Illinois, Northern Division.

This was an action against the United States, prosecuted under the act of March 3, 1887, c. 359 (24 Stat. 505), and it is contended that the appeal should be dismissed because the action was one at law, and the judgment reviewable only upon a writ of error. The original petition was brought by Jesse A. Baldwin, for the use of himself and Lottie A. Harris, the wife of Le Roy S. Harris, and, in substance, it alleged that on February 24, 1894, Le Roy Harris was under arrest, and in the custody of the United States marshal for the Western district of New York, charged with violations of the postal laws, in that he had obtained from postmasters at Laselle, Aurora, and Ottawa, Ill., various sums of money upon forged money orders; that while he was so in custody, James E. Stuart, a special agent of the post-office department, forcibly searched his person, and took from him the sum of $1,310, which belonged to him; that on March 13, 1894, the petitioner was employed to defend Harris in the trials upon the indictments then pending in the United States district court at Chicago, and on that day was given by Harris an order on Stuart for the said amount of $1,310, of which he was to retain $350 as and for attorney's fees, and to deliver the remainder to Lottie A. Harris, to whom Le Roy Harris was indebted for a like amount, for which she afterwards recovered judgment against him; that he presented the order to Stuart before 12 o'clock noon of the day it was drawn; that on the next day Harris sold and assigned to the petitioner, by an instrument in writing, all his right, title, and interest in and to the said sum of $1,310, for the use of the petitioner and Lottie A. Harris; that Stuart refused to deliver the money to the petitioner, and falsely claimed that two weeks before he had sent the money to Washington, to be turned over to the post-office department; that at 2 o'clock on March 13, 1894, the trial of said Le Roy Harris upon said indictments was begun, and continued through three days; that neither when asked to surrender the money, nor at any time during the trial, did Stuart claim that the money, or any part of it, could be identified as the proceeds of any crime of Harris against the United States, but, on the contrary, he testified at the trial that his investigation corroborated the statement of Harris that he had gotten the money either from the Mt. Morris Bank or the

Harlem Savings Bank, New York; that afterwards, on March 19, 1894, Stuart delivered the money to the chief post-office inspector at Washington, D. C., who covered the same into the treasury of the United States, where it is still held; that the money was taken from Harris wholly without authority of law, and that, the premises considered, the United States was indebted to the petitioner for the amount stated, for the uses aforesaid, etc. This petition was sworn to by the petitioner, and was filed June 28, 1895, and on September 27, 1895, an answer was filed. The cause having been set down for hearing on December 10, 1895, Le Roy Harris on that day filed with the clerk of the court his petition, entitled as in the cause pending, alleging, in substance, that he had a claim against the United States for the sum of $1,310; that he was indebted to Jesse A. Baldwin and Lottie A. Harris; that he adopted the petition therein before filed; and prayed that he be substituted as party complainant "in lieu of Jesse A. Baldwin, for the use of Jesse A. Baldwin and Lottie A. Harris, and that the suit herein may proceed under the title of Le Roy Harris for the use of Jesse A. Baldwin and Lottie A. Harris vs. The United States." This petition was sworn to by Baldwin. On the same day leave of court was "given Lottie A. Harris to join as party complainant, and adopt the allegations of the petitioner," and the cause, having been partly heard, was continued to the ensuing 12th of the month, but on the same day—December 10th—a further order was made, on the motion of Le Roy S. Harris, consented to by the petitioner, that Le Roy S. Harris be substituted as complainant for the use of Jesse A. Baldwin and Lottie A. Harris, and that the suit proceed under the title of "Le Roy S. Harris for the use, etc., vs. The United States," and that the answer on file stand as an answer to the petition as amended and under the new title. On December 12th the trial was concluded. The court made a special finding of the facts, and gave judgment for the complainant. On March 13, 1896, the United States, by the district attorney, prayed an appeal, and filed an assignment of errors. The transcript was filed with the clerk of this court April 17, 1896, and on June 19, 1896, was made the motion to dismiss the appeal.

John C. Black, for the United States.

Baldwin & Baldwin, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

Until the decision of the supreme court in Chase v. U. S., 155 U. S. 489, 15 Sup. Ct. 174, there had been doubt, and a contrariety of ruling, touching the question of the right and mode of appeal in such cases. U. S. v. Fletcher, 8 C. C. A. 453, 8 U. S. App. 481, 60 Fed. 53; U. S. v. Yukers, 9 C. C. A. 171, 23 U. S. App. 292, 60 Fed. 641; U. S. v. Tinsley, 15 C. C. A. 507, 25 U. S. App. 267, 68 Fed. 433; U. S. v. Davis, 131 U. S. 36, 9 Sup. Ct. 657. In Chase v. U. S. the statute is analyzed, and the conclusion declared:

"That congress intended that the final determination of suits brought under this act in a district or circuit court of the United States shall be reviewed here upon a writ of error if the case be one at law, and upon appeal if the case is one cognizable in equity or in admiralty, under the existing statutes regulating the jurisdiction of those courts."

To this the court added:

"But congress, while recognizing the settled distinction between law, equity, and admiralty, did not intend that the records of cases brought against the government under this act should contain all that is required in suits instituted in courts of the United States under the general statutes regulating their jurisdiction and the modes of procedure therein. Neither the mode of procedure in the court of claims, nor the mode in which cases there de-

termined may be brought here for re-examination, were changed by the act of March 3, 1887. But under that act a judgment of a district or circuit court of the United States in an action at law brought against the government will be re-examined here only when the record contains a specific finding of facts with the conclusions of law thereon. In such cases this court will only inquire whether the judgment below is supported by the facts thus found. And we think it was also the purpose of congress to require like specific findings or statements of fact and conclusions of law in cases in equity and in admiralty brought under that act in the district and circuit courts of the United States, and to restrict our inquiry in such cases, as in actions at law, to the sufficiency of the facts so found or stated to support the final judgment."

The original bill in this case was one of equitable cognizance. Field v. Maghee, 5 Paige, 538; Rogers v. Insurance Co., 6 Paige, 583, 599; Story, Eq. Pl. § 153, and notes. Baldwin, by the assignment of Harris, acquired only an equitable title to a chose in action, and that not for himself alone, but in trust also for another. The equitable character of the case certainly was not changed by the admission of Mrs. Harris as a party complainant. In that condition the case went to trial, and pending the hearing the name of Le Roy S. Harris was substituted as sole complainant; not, however, in his own right or interest, but in trust for Baldwin and Mrs. Harris. It was as a trustee that he prosecuted the suit to the end, and we do not think ourselves constrained to hold that by force of that nominal change of the party plaintiff pending the hearing the suit ceased to be one in equity, and became one at law. The motion is therefore overruled.