## BLISS *v.* UNITED STATES.

(*Circuit Court, E. D. Missouri, E. D.*    April 14, 1888.)

1. CLAIMS AGAINST UNITED STATES—JURISDICTION OF CIRCUIT COURTS—PREVIOUS REJECTION.

    Act of March 3, 1887, giving to United States circuit courts jurisdiction of claims against the United States, contains a proviso "that nothing in this section shall be construed as giving either of the courts herein mentioned jurisdiction to hear and determine * * * claims which have been heretofore rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same." *Held* that, the comptroller of the treasury having charge of the adjustment of accounts against the government, a rejection of an account by him is a rejection by a department authorized to hear and determine the same, within the meaning of said proviso.

2. SAME.

    Where an account against the United States for legal services has been approved by the attorney general, adjusted by the first auditor, certified to the first comptroller, and by him approved, but not paid, the United States circuit court has jurisdiction of an action to recover the amount thereof, under act of March 3, 1887.

At Law.    Plea to the jurisdiction of the United States circuit court.

*William H. Bliss, pro se.*

*Thomas P. Bashaw*, Dist. Atty., and *Thomas M. Knapp*, Asst. Dist. Atty., for the United States.

BREWER, J., (*orally.*)    In the case of *William H. Bliss* v. *United States*, there is a plea to the jurisdiction of this court.    The action is one against the United States, to recover for services as United States district attorney, and under special employment.    It is brought under the act of March 3, 1887, which gives to the circuit courts jurisdiction of claims against the United States, with this proviso:

"Provided, however, that nothing in this section shall be construed as giving either of the courts herein mentioned jurisdiction to hear and determine claims growing out of the late civil war, commonly known as 'war claims,' or to hear and determine other claims which have heretofore been rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same."

The plea is one running to the entire petition, there being several counts; and it rests upon this last proposition, that this court has no jurisdiction in cases where the claims have been heretofore rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same.    It appears from the amended petition that the treasury department refuses to pay any of these claims. That the comptroller is an officer having such charge of the adjustment and settlement of accounts against the government that his action amounts to that of the treasury department in rejecting a claim, is, we think, clear.    Section 2169 gives to him the power and makes it his duty to superintend the adjustment and preservation of the public accounts, subject to his revision.    Section 191, after providing for the presentation of claims, declares: "But the decision thereon shall be final and conclu-

sive, as hereinbefore provided." That is, he is the officer of the treasury department to whom the subject of accounts is intrusted, and when he acts upon those accounts, it is the action of the department. When he rejects an account, it may be said, within the scope of this act of 1887, that there has been a rejection by a department authorized to hear and determine the same. Plaintiff insists that this language in the act of 1887 implies a judgment, or that which is equivalent to a judgment, and that it means simply to say that the court shall have no jurisdiction of claims which have been once adjudicated. If it meant only that, the language was surplusage, because if there has been once an adjudication, of course the matter would not be open to readjudication. What is meant by that, as we construe it, is that when, in 1887, congress said the court should have jurisdiction of suits against the government, it was intended to apply prospectively and to claims which should originate in the future, or, if they originated in the past, that no claim which had once been presented to any court, department, or commission, and had been rejected or reported on adversely,—for that is the language of the section,—should be suable in the courts. With that construction, whenever a claim has been presented to a department, or an officer of that department authorized to pass on the claim, (and act upon it conclusively, so far as the government is concerned, except when congress intervenes,) and rejected or reported on adversely, that claim is not the subject of litigation in the courts, if so acted on before the 3d of March, 1887; and, according to the admission here, these claims were acted upon and payment refused prior to such date.

There are, however, in the first count, allegations which compel us to overrule the plea to the jurisdiction, whatever the facts may be as developed hereafter. They are that the plaintiff was employed to render special services by the attorney general; that the account was approved by the attorney general, and adjusted by the first auditor, and a balance of $2,530 found to be due the plaintiff, and that it was certified by the auditor to the first comptroller, and by him approved, but not paid. So, on these allegations, it appears that all the officers of the government charged with an examination of the facts have approved this claim, and it never has been rejected. The plaintiff simply has not received the money. He stands in the attitude of a man with a claim against a corporation, which the corporation audits, approves and orders paid, but does not pay. That is the *status* of this claim, according to the allegations of the first count, and so it is a claim which has never been rejected or reported on adversely by any department or commission, and the plea, being to the petition as a whole, will have to be overruled, though on the main question discussed by counsel in their briefs we think the views of the district attorney are right, and the views of the plaintiff are wrong.