## HYAMS v. UNITED STATES.

(Circuit Court, D. Massachusetts. July 17, 1905.)

No. 1,441.

1. COURTS—UNITED STATES CIRCUIT COURTS—CLAIMS AGAINST UNITED STATES—TUCKER ACT—ACTIONS—FINDINGS.

Under Tucker Act March 3, 1887, c. 359, § 7, 24 Stat. 506 [U. S. Comp. St. 1901, p. 755], providing that in proceedings on claims against the United States it shall be the duty of the court to cause a written opinion to be filed in the case setting forth the specific findings by the court of the facts therein and the conclusions of law on all questions of law involved in the case, and to render judgment thereon, such opinion is not the usual opinion of the trial judge, but constitutes a part of the record to enable the public and the appellate court to find on the record a formal statement of the Circuit Court's findings both on questions of law and fact and the reasons for such findings.

2. SAME—COMMISSIONER'S DECISION—REVIEW.

In proceedings to recover a tobacco rebate as authorized by Act Cong. April 12, 1902, c. 500, § 4, 32 Stat. 97 [U. S. Comp. St. Supp. 1903, p. 277], the whole claim having accrued since the passage of Tucker Act, Act Cong. March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752], as amended by Act June 27, 1898, c. 503, 30 Stat. 494 [U. S. Comp. St. 1901, p. 753], a rejection of the claim by the commissioner of internal revenue is reviewable by the Circuit Court under such act.

3. SAME—EVIDENCE.

Where in a suit for tobacco rebate, as authorized by Act Cong. April 12, 1902, c. 500, § 4, 32 Stat. 97 [U. S. Comp. St. Supp. 1903, p. 277], claimant presented four witnesses, who testified explicitly to the amount of tobacco claimed for, and such testimony was uncontradicted, the mere fact that the government claimed that the space in the stores was obviously inadequate for holding the amount of tobacco testified to was insufficient to show that the claim was fraudulent.

4. SAME—PROOF—COMPLIANCE WITH INSTRUCTIONS.

A strict compliance with a clause in instructions on the back of a blank proof for tobacco rebate, requiring the witnesses at the time of taking the inventory to each count the packages of the several denominations mentioned in the inventory, keep a separate account of the same on separate sheets of paper, make computations, etc., was not a condition precedent to the claimant's right to the rebate, authorized by Act Cong. April 12, 1902, c. 500, § 4, 32 Stat. 97 [U. S. Comp. St. Supp. 1903, p. 277].

Charles W. Bartlett and Wilfred Bolster, for petitioner.

William H. Garland, Asst. U. S. Atty.

HALE, District Judge. This case comes before the court under what is known as the "Tucker Act," approved on March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752], as amended June 27, 1898, c. 503, 30 Stat. 494 [U. S. Comp. St. 1901, p. 753]. The

petition recites the section of the statute which it relies upon. It further sets out that on the 1st day of July, 1902, the petitioner was a dealer in tobacco and snuff, and that he had in his possession and owned certain original and unbroken factory packages of smoking and manufactured tobacco, snuff and cigars, upon which the taxes had been paid, to wit, an amount of 45,788 pounds, in a certain store then located at 904 Washington street, in Boston; and that he had at the same date in his possession and owned the further amount of 3,407 pounds located in another store, No. 764 Washington street, in said Boston, and that upon said goods there was, pursuant to the said section of said act, due and allowable to the petitioner the sum of $1,771.92; that the petitioner's claim for allowance or drawback was duly presented in accordance with law within 60 days after the 1st day of July, 1902; that the petitioner's stock was duly inventoried, and his claim properly verified, taken, and presented in accordance with all legal rules and regulations made by the commissioner of internal revenue, under the provisions of law; but the said drawback, although requested, has not been paid to the petitioner. The answer of the United States denies every material allegation of the petition. A motion to dismiss was duly filed, setting out that the court has not jurisdiction within the second section of the act of March 3, 1887, because the manifest intent of the act of April 12, 1902, was to leave the ascertainment of the fact whether or not claimants for rebate had on hand any tobacco to the officers of the Internal Revenue Department, and did not provide that their decision should be reviewable by this court. The motion to dismiss also takes the ground that the petitioner has not produced evidence showing that his claim is of the clear value of upwards of $1,000.

After the hearing of the case before this court, the respondent seasonably filed a motion for judgment for the United States for the following reasons:

"(1) That the petitioner, in presenting his claim for rebate, did not comply with the provisions of the act of April 12, 1902, and the regulations established pursuant thereto by the commissioner of internal revenue. (2) Because the petitioner made a willfully false and fraudulent claim for rebate. (3) Because the commissioner of internal revenue, in view of the dubious, uncertain, and conflicting evidence produced by the claimant in support of his claim, was justified in disallowing the same. (4) Because the evidence produced by the petitioner here in support of his action is so dubious, uncertain, and conflicting that this court cannot determine what, if any, portion of petitioner's claim should have been allowed, and must therefore find for the defendant. (5) Because the evidence produced by the petitioner here in support of his action is so manifestly false in essential particulars that this court cannot properly find that any portion of petitioner's claim should have been allowed, and must therefore find for the defendant."

The cause was fully heard before this court in May, 1905. Testimony was offered on both sides. Under section 7 of the Tucker act (24 Stat. 506 [U. S. Comp. St. 1901, p. 755]) it becomes the duty of the court "to cause a written opinion to be filed in the cause setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved

in the case, and to render judgment thereon." In U. S. v. Swift the United States Circuit Court of Appeals in this circuit have lately sent down an opinion (139 Fed. 225), Judge Putnam speaking for the court, in which that court comments upon the Tucker act and the proceedings in causes under that act. In discussing the opinion which the court must file under that act, Judge Putnam says: "Under the statute that opinion is not to be regarded as the usual opinion of the trial judge, but must be accepted as a part of the record." It seems clear that the purpose of the opinion is to enable the public and the appellate court to find upon the record a formal statement of the findings of the Circuit Court, both upon questions of law and fact and the reasons for such findings.

As the court has already observed, the right to recover in this claim is based upon the Tucker act, which gives to the Circui' Court jurisdiction of all claims founded upon any law of Congress where the amount of the claim exceeds $1,000, except war claims and claims rejected by any department authorized to hear and determine the same, before the passage of the act of 1887. The contention of the learned counsel for the United States is that the claim in the case at bar is one upon which the decision of the head of the department is final. The argument of the learned counsel upon this point is complete and exhaustive, but the court cannot take the view of the law which he urges. In Rand v. U. S. (D. C.) 36 Fed. 671, Judge Webb held that "in a claim of the United States commissioner for fees for services, his charges having been disallowed by the First Comptroller of the Treasury, the portion of the account rejected by the comptroller prior to March 3, 1887, was not within the jurisdiction of the court, but that as to the portion of the account since that date the court had jurisdiction." Judge Webb based his decision upon Bliss v. U. S. (C. C.) 34 Fed. 781. While the question is not by any means beyond doubt, it seems the duty of this court to take the same view of the law that was taken in the cases just cited. There seems to be good reason to hold that the rejection of an account by the commissioner of internal revenue may be reviewed under the provisions of the Tucker act, unless such rejection was previous to the passage of that act. The whole of the claim in the case at bar accrued since March 3 1887. For the purposes of this case the court finds that it was not the intention of Congress to give final jurisdiction in the premises to the commissioner of internal revenue, but that this court has jurisdiction under the Tucker act.

By the pleadings the question of fact is raised whether or not the petitioner had and owned on July 1, 1902, the amount of tobacco which he claims to have had. The petitioner offers four witnesses, whose testimony is explicit upon this point. The learned counsel for the respondent claims, however, that the evidence produced by the petitioner is manifestly false, that the space in the stores was obviously inadequate for holding the amount of tobacco testified to, and that the whole claim is absolutely fraudulent. But the testimony of the petitioner's witnesses is clear, and is in terms uncon-

tradicted by any other witnesses. While under the whole testimony a suspicion of fraud is raised, it cannot be held that there has been such clear and convincing proof of fraud as is required by law to overthrow direct and affirmative testimony. It is not enough that a case should raise a strong suspicion. There must be some clear, affirmative, and convincing testimony to support an allegation of fraud.

The respondent raises the objection that paragraph 8 of instructions on the back of the blank proof has not been complied with. That provision is as follows:

"(8) The witnesses at time of taking the inventory should each count the packages of the several denominations mentioned in the inventory and keep an accurate account of the same on separate sheets of paper. The computations to be made by the witnesses of the total number of such packages and their aggregate net weight should be compared, and checked with the manufacturers' inventory, and if agreeing therewith should be signed by the witnesses and the claimant, and delivered to him as a memorandum of his inventory, and from which he could make a new claim should his original claim be lost or misplaced."

While there is some question whether there has been a strict compliance with this provision, the court cannot hold that this clause is intended as a condition precedent to the petitioner's right to a rebate. The clause seems to the court to be for the protection of the respondent and of the claimant in case of loss. The court cannot hold that the testimony presents any defense under this clause in the instructions.

The learned counsel for the United States has presented certain requests for findings and rulings. Without reciting those requests or going over the case further in detail, it is sufficient to say that the requests may be regarded as refused, except so far as this opinion shows them to be granted. Those requests may, however, be made distinctly a part of the record, so that the respondent may have full right to exceptions.

A decree may be entered for the petitioner for the amount claimed, namely, $1,771.92, and for his costs.