UNITED STATES v. HYAMS.

(Circuit Court of Appeals, First Circuit.  May 24, 1906.)

No. 636.

1. UNITED STATES—CLAIMS—TUCKER ACT—FINDINGS AND DECISION.
    Tucker Act (Act Cong. March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp.
St. 1901, p. 755]), relating to the prosecution of claims against the United
States, provides (section 7) that it shall be the duty of the court to cause
a written opinion to be filed in the case, setting forth the specific findings
by the court of the facts therein and the conclusions of the court on all
questions of law involved in the case, and to render judgment thereon.
Held, that where the trial judge, in a suit to recover a tobacco tax rebate,
filed two papers, one entitled a decree for the petitioner, and the other the
opinion of the court, which the statute makes in effect a part of the
record, the two setting out sufficient findings of fact to sustain the court's
conclusions, such papers were sufficiently formal to constitute a com-
pliance with the section.

2. SAME—FINDINGS—REFUSAL.
    It was sufficient in this case for the court to refuse the government's
requests for findings and rulings in gross.

3. SAME..

The United States objected that the claim was invalid because not reverified after an error in computation, discovered by a deputy collector, had been corrected as required by the regulations, such objection involved in this case a finding of fact, and therefore not reviewable.

4. COURTS—JURISDICTION—CLAIMS AGAINST UNITED STATES.

Tucker Act (Act Cong. March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, pp. 752, 753]) § 1, declares that the court of claims shall have jurisdiction over all claims against the United States founded on the Constitution of the United States or any law of Congress except for pensions, *Held*, that the circuit court had jurisdiction of a claim, involving the requisite amount, for a tobacco tax rebate granted by Act Cong. April 12, 1902, c. 500, § 4, 32 Stat. 97 [U. S. Comp. St. Supp. 1905, p. 445], though it involved no contractual liability.

5. INTERNAL REVENUE—TOBACCO REBATE—RECOVERY—CONDITION PRECEDENT—STATUTES—CONSTRUCTION.

Act Cong. April 12, 1902, c. 500, § 4, 32 Stat. 97 [U. S. Comp. St. Supp. 1905, p. 445], provides that on all original and unbroken factory packages of smoking and manufactured tobacco and snuff held by manufacturers or dealers on July 1, 1902, on which a higher tax has been paid than that provided by the preceding section of the act, there shall be allowed a drawback or rebate equal to the full amount of the difference between the tax paid and the tax imposed by the act, etc. The section also requires that the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, adopt such rules and regulations as may be necessary to carry the act into effect. *Held*, that a provision in such rules and regulations which made it an absolute prerequisite to the recovery of the rebate that the proofs offered the executive officers should be satisfactory to them, is invalid as applied to this case.

In Error to the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 139 Fed. 997.

William H. Garland, Asst. U. S. Atty. (Asa P. French, U. S. Atty., on the brief).

Wilfred Bolster (Charles W. Bartlett, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This case arose under the fourth section of the act of April 12, 1902, c. 500, 32 Stat. 97 [U. S. Comp. St. Supp. 1905, p. 445], as follows:

"Sec. 4. That on all original and unbroken factory packages of smoking and manufactured tobacco and snuff held by manufacturers or dealers on July first, nineteen hundred and two, upon which there has been paid a higher tax than that provided for in the preceding section of this act, there shall be allowed a drawback or rebate equal to the full amount of the difference between such higher tax and the tax imposed by this act, after making the proper allowance for discounts and rebates heretofore authorized, but the same shall not apply in any case where the claim has not been presented within sixty days after July first, nineteen hundred and two; and no claim shall be allowed or drawback paid for a less amount than ten dollars. It shall be the duty of the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, to adopt such rules and regulations and to prescribe and furnish such blanks and forms as may be necessary to carry this section into effect."

In accordance with the closing sentence of the section quoted, the Commissioner of Internal Revenue, with the approval of the Secretary

of the Treasury, adopted certain rules and regulations pertaining thereto, one of which required that the proof entitling a petitioner to a drawback or rebate should be satisfactory to the Commissioner, and the other that the claim, after it was signed and sworn to, should be forwarded to the Collector, or Division Deputy Collector, of Internal Revenue for the proper district. Under the interpretation which we place on the statute, though the provision that the proof should be satisfactory to the Commissioner in order to entitle the petitioner to recover may be valid for regulating the personal conduct of his own office, it is invalid for the purposes now claimed by the United States. Of course, under the statute, the claim must be presented to the Commissioner, and the petition alleges that the same was done. The record shows that the claim was filed with the Collector of Internal Revenue for the District of Massachusetts, which undoubtedly, under the regulation which we have cited, can be and must be accepted as in legal effect a presentation of it to the Commissioner.

The proceeding in the Circuit Court was in accordance with what is known as the Tucker act, approved on March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752]. The learned judge of that court filed two papers, one entitled a decree for the petitioner, and the other entitled the opinion of the court, each on the same day. The seventh section of the Tucker act reads as follows:

"Sec. 7. That it shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein, and the conclusions of the court upon all questions of law involved in the case, and to render judgment thereon." 24 Stat. 506 [U. S. Comp. St. 1901, p. 755].

The United States apparently claim that certain formalities are required with reference to the specific findings of fact and the conclusions on questions of law called for by the statute; but such a position is not in harmony with the spirit of the law, and in United States v. Swift (C. C. A.) 139 Fed. 225, 226, we held in effect that it is sufficient if the record presents understandingly the questions of law involved. In that case the record consisted largely of an agreed statement of facts, with an opinion of the learned judge of the Circuit Court elaborating and adding thereto. It was in no respect any more formal than the present record. Having in view the explanation we have made in reference to the manner of presenting the claim to the Commissioner, what was filed by the learned judge of the Circuit Court entitled a decree for the petitioner sets out sufficient findings of fact to sustain his conclusions. It appears that, at the hearing in the Circuit Court, the United States presented certain requests for findings and rulings, meaning, of course, by this findings of fact and rulings of law. As to all those the learned judge observed in his opinion, which under the Tucker act may be a part of the record, that it was sufficient to say that the requests should be regarded as refused. This, of course, covered the requests for findings of fact, and was a holding in lump that the proofs sustained none of the propositions of the United States in reference thereto. This was as effectual as though the learned judge had taken each request for a

finding of fact, and denied the same seriatim. The result meets all the requirements of United States v. Swift, and the record clearly and fully presents all the questions of law which could arise. Nothing more can be required.

The requests of the United States for findings of fact were filed, but they were not brought up; neither has any formal suggestion of diminution of the record been made. Neither, however, is of any consequence in view of the consideration that the proofs taken in the Circuit Court are not before us. We could not, therefore, revise the findings of fact against the United States made by the Circuit Court, even if the law, on any state of the record, would permit us so to do. Consequently, the omission from the record which we have named is wholly unimportant, and the entire case is before us, so far as, under the statutes and rules of law, one of this character can ever be presented on appeal.

Only a few propositions arise. One is disposed of by the observation that it relates entirely to a question of fact. The United States maintain that after the original claim had been signed and sworn to by the claimant, it was delivered to a deputy collector, who called attention to an error in certain columns of figures which were thereupon changed without the claim being again signed and sworn to, and that this was in violation of the regulations. This, however, involves so much a matter of finding of fact that it cannot be revised by us. The United States also claim that it does not clearly appear here that the amount was sufficient under the second section of the Tucker act, that is to say, in excess of $1,000, to give the Circuit Court jurisdiction under that act as distinguished from the District Court; but the findings of the Circuit Court necessarily dispose of this proposition. The United States also claim that there is no contractual obligation here on their part, and, therefore, that there exists no jurisdiction to maintain this suit. Reliance is placed on the expression found in Schillinger v. United States, 155 U. S. 163, 167, 15 Sup. Ct. 85, 39 L. Ed. 108, which case was brought under the Tucker act, where it was said that "some element of contractual liability must lie at the foundation of any action." Like observations may be found in Harley v. United States, 198 U. S. 229, 234, 25 Sup. Ct. 634, 49 L. Ed. 1029, and in some other opinions; but the clear language and settled construction of the first section of the Tucker act are so positive that all such expressions must be held to be limited by the subject matter of the various cases in which they are used. In none of them was the demand based on any statute. On the other hand, in Dooley v. United States, 182 U. S. 222, 224, 21 Sup. Ct. 762, 45 L. Ed. 1074, the precise language of the first section so far as it relates to this topic is given; and the opinion of the court analyzes it, and expressly reiterates as one ground of jurisdiction claims founded on laws of Congress. Campbell v. United States, 107 U. S. 407, 2 Sup. Ct. 759, 27 L. Ed. 592, which we will hereafter refer to again, would be sufficient to make it clear that the Supreme Court has not in any way derogated from that portion of

the statute which gives jurisdiction over claims of the character now before us.

The real issue in the case is whether the ruling of the Commissioner of Internal Revenue denying the claim of the petitioner is conclusive on us. Of course, this is a mere question of the construction of the statute of 1902. It is true that the construction of such statutes has not always been uniform. American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90, and Bates & Guild Company v. Payne, 194 U. S. 106, 24 Sup. Ct. 595, 48 L. Ed. 894, contain sufficient general discussions of the varying phases under different statutes. The United States rely especially on United States v. Kaufman, 96 U. S. 567, 24 L. Ed. 792, and Stotesbury v. United States, 146 U. S. 196, 13 Sup. Ct. 1, 36 L. Ed. 940; but there was enough in the phraseology of the statutes there involved to show that a condition precedent to recovery by the claimants in each case was a favorable judgment of some executive officer named. On the other hand, under the present statute, a right to the rebate is given at the outset, and the only power expressly vested in any executive officer is to establish rules and regulations as to the method of presenting a claim. The legal right is first given unqualifiedly, so that, in this particular, the case, both as to the right and the jurisdiction of the courts to establish the right, is apparently settled in favor of the claimant, alike on principle and by Campbell v. United States, 107 U. S. 407, 410, 412, 413, 2 Sup. Ct. 759, 27 L. Ed. 592, already referred to. That was a case of a drawback under a customs act, where the statute was framed in almost exactly the same form as that before us, the right being given in its body, followed by a provision for regulations to be prescribed by the Secretary of the Treasury. There the jurisdiction of the court of claims under the Tucker act was maintained, and it was also held that the petitioner was entitled to recover notwithstanding the denial of his demand by the executive officers. Therefore, we hold that the regulation which we have cited, established under the act now before us, by virtue of which proofs are to be satisfactory to the Commissioner of Internal Revenue, is invalid so far as this case is concerned, and that the conclusion of the Circuit Court is correct.

The decree of the Circuit Court is affirmed.

NOTE BY THE COURT. United States v. Cornell Steamboat Company, 202 U. S. 184, 192, 26 Sup. Ct. 648, 50 L. Ed. 987, although decided May 14th, did not come to hand until after United States v. Hyams was announced. In United States v. Cornell Steamboat Company, the language of the statute was clearly premissive. United States v. Cornell Steamboat Company is also interesting with reference to the position taken in United States v. Hyams as to jurisdiction under the Tucker act.