## SPARGO v. CONVERSE.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

### No. 92.

CORPORATIONS (§ 265*)—STOCKHOLDERS—STATUTORY LIABILITY—ASSESSMENTS —PARTIES.

The validity of an assessment made by a court of Minnesota against the stockholders of an insolvent corporation under Rev. Laws Minn. 1905, §§ 3184–3190, is not affected as to a particular nonresident stockholder by the fact that such stockholder died before the assessment was made, nor because notice was addressed to him, and not to his executor; all stockholders in such proceeding, which is in a sense in rem, being represented by the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1099–1125; Dec. Dig. § 265.*]

In Error to the Circuit Court of the United States for the District of Connecticut.

Action at law by Theodore R. Converse, receiver, against Edward C. Spargo, executor of Armenia H. Simmons, deceased. From an order sustaining a demurrer to a portion of the answer, defendant brings error. Affirmed.

For opinion below, see 184 Fed. 324.

J..C. Chamberlain, for plaintiff in error.

Wm. Waldo Hyde and Charles Welles Gross, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The question presented by the demurrer to the answer is whether an assessment, made by a court having jurisdiction, upon the stockholders of an insolvent corporation, is valid against the estate of a stockholder, if made after his death. Armenia H. Simmons was the owner of 80 shares of the capital stock of the Minnesota Thresher Manufacturing Company, of the par value of $80 each. This company became insolvent and a receiver was duly appointed. Two assessments were ordered by the District Court of Minnesota against the said Simmons, one on December 22, 1902, for 36 per cent. and the other on June 11, 1907, for 64 per cent., or $32 per share. On November 25, 1906, Armenia H. Simmons died, and Edward C. Spargo, the defendant, was appointed her executor. The question here arises regarding the second assessment of June, 1907, which was made after her death, it being the theory of the defendant that the assessment was invalid, because the proceeding was conducted in the same manner that it would have been had the stockholder actually been alive, the notice being sent to her instead of to her executor. We think this position cannot be sustained. The proceeding under the Minnesota law is, in a sense, a proceeding in rem. It provides for an assessment against each share of stock and for the payment of the amount so assessed. Whoever is the lawful owner and holder of the stock must pay the amount. While he is the lawful owner he is entitled to all the advantages, and must suffer all the disadvantages incident to such holding. If the stock earns dividends he will receive them; if it be assessed to pay losses, he must pay them. The proceeding in Minnesota was against a corporation, which represented its stockholders, and the receiver complied with the order and followed the direction of the court. Notice was sent to all persons whose names and addresses were known to the receiver. The judgment of the Minnesota court cannot be disregarded. It is conclusive as to the insolvency of the corporation and that the assessment of 64 per cent. was necessary to enable it to pay its debts. The stockholders, whether holding individually or in a representative capacity, were liable for the amount so assessed. The law of Minnesota (Rev. Laws 1905, § 3186) provides that:

"Such an order shall be conclusive as to all matters relating to the amount, propriety, and necessity of the assessment, against all parties therein ad-

judged liable upon, or on account of any stock or shares of such corporation, whether appearing or being represented at the hearing or not, or having notice thereof or not."

In Straw & Ellsworth Co. v. Kilbourne Co., 80 Minn. 125, 83 N. W. 36, the court says:

"The order of assessment is, under section 5 [Laws 1899, c. 272], conclusive upon all of the stockholders, so far as it decides the amount of assets and liabilities of the corporation before the court, and is conclusive as to the necessity of making an assessment to the extent and in the amount ordered."

In Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163, the Supreme Court had under consideration the assessment of December 22, 1902, made in this identical proceeding, and held the executors of Simon and Isaac Bernheimer, both having died before the suits were brought, liable as stockholders. At page 532, 206 U. S., at page 760, 27 Sup. Ct. (51 L. Ed. 1163), the court says:

"In such case it has been frequently held that the representation which a stockholder has by virtue of his membership in the corporation is all that he is entitled to. It was so held in a well-considered case in Massachusetts, Howarth v. Lombard, 175 Mass. 570 [56 N. E. 888, 49 L. R. A. 301]. And it has been held in cases in this court, that when an assessment is necessary to be made upon unpaid stock subscriptions for the benefit of creditors, the court may make the assessment without the presence or personal service of stockholders. Hawkins v. Glenn, 131 U. S. 319 [9 Sup. Ct. 739, 33 L. Ed. 184]; Great Western Tel. Co. v. Purdy, 162 U. S. 329, 336 [16 Sup. Ct. 810, 40 L. Ed. 986]."

To the same effect is the opinion of Judge Shipman in Davis v Weed, 7 Fed. Cas. 186, also reported in 44 Conn. 569.

The order sustaining the demurrer is affirmed.