LEVISON v. HAMILTON.

(Circuit Court of Appeals, Second Circuit.    March 10, 1913.)

No. 154.

JUDGMENT (§ 822*)—FOREIGN JUDGMENT—CONCLUSIVENESS—STOCKHOLDERS—
DOUBLE LIABILITY.

Certain stock in a Minnesota corporation was issued to defendant in his own name, without qualification, as collateral security for a debt which the corporation owed to defendant's firm, on the understanding that the certificate should be surrendered and canceled on payment of the debt.   Defendant remained a stockholder on the corporation's books from April 23, 1902, until August 18, 1904, when the corporation became insolvent and proceedings were instituted in Minnesota to wind up its affairs.   The Minnesota court, on notice to defendant and to all other nonresident stockholders in the dissolution proceedings, entered judgment by default against defendant, imposing an assessment of 100 per cent. on each share of the stock.   Held, that when defendant became a stockholder he submitted himself to the Minnesota law, and the Minnesota court having jurisdiction to determine the question that defendant was a stockholder and subject to assessment, defendant was bound thereby, and could not contest that question in a subsequent action in New York to recover the assessment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1454, 1488–1490, 1496–1500; Dec. Dig. § 822.*]

In Error to the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

Action by Charles Hamilton, as receiver of Evans-Johnson-Sloane Company, against Benno Levison, Jr., to recover an assessment levied by the district court of Ramsey county, Minn., on defendant as a stockholder in the Evans-Johnson-Sloane Company.   Defendant was found by such court to be the owner of 30 shares, which were assessed $100 each.   From a judgment in favor of plaintiff for $4,119.11 (198 Fed. 444), defendant brings error.   Affirmed.

Charles H. Fuller, of New York City (Wm. J. Wallace and L. W. Severy, both of New York City, of counsel), for plaintiff in error.

James E. Trask and E. H. Morphy, both of St. Paul, Minn., and John J. Clark, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.   The complaint alleges that the Evans-Johnson-Sloane Company was organized under the law of Minnesota and is and was a citizen and resident of that state; that the defendant subscribed for the stock of said corporation and ever since the 23d of April, 1902, has been the owner and holder of 30 shares of said stock which stood in his name on the books of the corporation from the date aforesaid until August 18, 1904, when the defendant executed the assignment indorsed on the certificate and surrendered it to the corporation.   The plaintiff contends that the attempted surrender of the stock was without consideration, ultra vires, fraudulent, null and void and that during the period when the stock stood in the defend-

ant's name, absolutely and without qualification, a large amount of the admitted indebtedness accrued. The answer denies that the defendant ever subscribed for any part of the stock of the said corporation or ever became a stockholder therein, except that the corporation issued 30 shares to him as collateral security for a debt of over $3,000 which the corporation had assumed and owed to the defendant's firm, it being understood that the certificate should be surrendered and canceled upon the payment of the debt.

The defendant alleges further that his firm brought suit upon the note, which suit the corporation settled by paying the note and costs, and thereupon, pursuant to the agreement, the defendant delivered up and returned the certificate to the corporation's attorney May 27, 1904. The action was tried before the court and jury, but at the close of the testimony both sides, conceding that there was no controversy on the facts, moved for the direction of a verdict. The plaintiff insisted that the testimony shows the defendant to have been a past stockholder, and also that it sustains the plaintiff's contention that the surrender by defendant of the stock was pursuant to a void secret agreement, the purpose of which was to invalidate the defendant's subscription. There can be no doubt that a certificate was issued to the defendant, in his own name, without qualification, and remained on the books of the corporation from April 23, 1902, until August 18, 1904. It is also proved that defendant's name so appeared upon the list of stockholders attached to the petition for assessment filed in the Minnesota court. On September 4, 1906, the court entered an order assessing 100 on each share of capital stock owned by the stockholders, the defendant being among them. During the time that the defendant held the stock in his own name a large amount of indebtedness arose which was allowed by the court. We think there can be no doubt, at least during this period of two years and four months, that the defendant was a stockholder of the corporation.

The Minnesota courts had jurisdiction to wind up insolvent corporations created by the laws of that state in the manner provided by those laws. This the court did, giving notice to nonresident stockholders. The defendant did not appear in the winding up proceedings, where most of the defenses he now urges could have been properly heard and decided. Judgment was taken against him by default. We think the law is well settled that when the defendant became a stockholder in the Minnesota corporation, he submitted himself to the Minnesota law, as interpreted by the courts of that state, and is bound by their decree holding him liable.

In the case of Spargo v. Converse, 191 Fed. 823, 112 C. C. A. 337, this court had before it the Minnesota statute and held that an assessment made under it was valid against the estate of a stockholder, although made after her death, notice being addressed to her and not to her executor. The defendant knew, or should have known, that his name appeared upon the corporation books as stockholder. He knew that persons dealing with the corporation who had a right to examine the corporation books might be influenced in giving credit to the

corporation by seeing his name among its stockholders. He could have sold his stock or transferred it at any time during the two years and more that it stood in his name upon the books. We think it is too late now to avoid responsibility for his acts. The authorities sustaining these views are sufficiently cited in the opinion of the District Court and need not be restated.

The judgment is affirmed with costs.