### IRVINE v. CHURCH et al.

(District Court, E. D. New York.   May 21, 1914.)

1. PARTNERSHIP ⬤═══197—ACTIONS—STATUTORY PROVISIONS.

Under Rev. St. Ohio, § 5011, providing that a partnership formed for the purpose of carrying on a trade or business in the state or holding property therein, may sue or be sued by the usual or ordinary name which it has assumed, if a partnership holds property in the state, it may be sued by the firm name, though not formed for the purpose of holding property in the state.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 360; Dec. Dig. ⬤═══197.]

2. CORPORATIONS ⬤═══89—STOCK ASSESSMENTS—NOTICE.

Under the statutes of Ohio, notice to a nonresident partnership of an assessment on corporate stock owned by it was not invalidated by the previous death of one of the partners; the proceeding being in a sense one in rem.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 367–379, 381, 382; Dec. Dig. ⬤═══89.]

3. LIMITATION OF ACTIONS ⬤▷180—ACTIONS—PLEADING—DEMURRER.
     Rev. St. Ohio, § 3258a, providing that an action upon the liability of stockholders under the preceding section can only be brought within 18 months after the debt or obligation shall become enforceable against stockholders, is a statute of limitation, and not available on demurrer.
     [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675, 681; Dec. Dig. ⬤▷180.]

At Law. Action by Ellsworth C. Irvine, as receiver of the Columbus, Sandusky & Hocking Railroad Company, against Charles T. Church and others, as executors of E. Dwight Church, deceased. On demurrer to the complaint. Demurrer overruled.

McLaughlin, Russell, Coe & Sprague, of New York City (Rufus W. Sprague, Jr., Francis S. Hutchins, and Edward D. Freeman, all of New York City, of counsel), for plaintiff.

Rounds, Schurman & Dwight, of New York City (Arthur C. Rounds and Richard E. Dwight, both of New York City, of counsel), for defendants.

VAN VECHTEN VEEDER, District Judge. The ten grounds of demurrer may be summarized as questioning the court's jurisdiction of the subject-matter, the plaintiff's legal capacity to sue, the validity of the laws of the state of Ohio upon which the complaint is based, and the sufficiency of the complaint with respect both to (a) the requirements of the Ohio statute as to service upon nonresident stockholders and (b) to the asserted termination of the cause of action by limitation before action brought. The court's jurisdiction, the plaintiff's capacity to sue, and the validity of the state statutes seem to me to be quite clear. Indeed, the stress of the defendants' argument is thrown upon the final point, relating to the asserted insufficiency of the complaint in the two particulars mentioned.

First, then, with respect to the defendants' contention that the requirements of the Ohio statute as to service upon nonresident stockholders were not complied with in the Ohio suit, either as to the defendants or their testator, and that the proceeding and the judgment rendered therein are not enforceable against the defendants. The defendants' argument may be summarized thus:

What the Ohio statute of 1900 required as a basis for the enforcement of the judgment against nonresident stockholders was a service upon such stockholders which would have been sufficient in an action to foreclose a mortgage to bring the nonresident into the action as a party defendant. The complaint in issue does not show such service. Indeed, the only permissible inference from the allegations of the complaint, in connection with the decrees of July, 1905, and December, 1906, is that whatever service was made was attempted to be made upon Church & Co., and not upon E. Dwight Church, defendants' testator, either individually or as surviving partner of Church & Co. This attempt to bring in Church & Co. as a firm was abortive. A nonresident firm, not shown to be doing business in Ohio, could not be sued or served in the firm name, and even if such a firm had been at the time

doing business in Ohio, it could not have been served by publication. For the provision of Rev. St. Ohio, § 5011, authorizing suits against partnerships in the firm name, is limited to partnerships formed for the purpose of carrying on a trade or business in the state, or for the purpose of holding property therein, and it is not alleged that Church & Co. was organized for any such purpose. So, also, Rev. St. Ohio, § 5039, provided that in suits against a firm in the firm name service of process upon the partnership should be made "by leaving a copy at its usual place of doing business, or with any member of such partnership," and it was held in Smith v. Hoover, 39 Ohio St. 249, that the prescribed mode of acquiring jurisdiction of a defendant was exclusive. Furthermore the firm of Church & Co. had been dissolved by the death of James A. Church in March, 1896, almost three years before the Marriott and Kinsey suits were begun, and there was therefore no longer a firm of Church & Co. which could sue or could be sued, and the surviving partner could not as such be sued in the name of Church & Co. or otherwise. Insurance Co. v. Carnahan, 63 Ohio St. 258, 58 N. E. 805. In short, the publication against Church & Co. was ineffective, because Church & Co. as a firm could not be sued or made a party defendant, and could not be served by publication, and for the further reason that the firm, within the meaning of the Ohio statute, had ceased to exist some six years before the attempt to serve by publication was made. The publication as against Church & Co. was ineffective as against the defendants' testator, the surviving partner in that firm, because he was not the party named in the process, and because he was not, within the meaning of the Ohio statute, the successor of the firm.

The plaintiff is not attempting to enforce a personal judgment obtained against Church & Co. or its partners in Ohio. He seeks to enforce an assessment upon the stockholders of the railroad company. If the service in question was necessary (see Blackburn v. Irvine, 205 Fed. 217, 123 C. C. A. 405), I am of opinion that the defendants' objections are not well taken. Section 3260c, Rev. St. Ohio, as amended in 1900, simply requires that notice be given to nonresident-stockholders as provided in sections 5048–5052.

[1] The Ohio statute (section 5011), permitting a partnership to sue or be sued by its name, does not, as the defendants' counsel state, apply "only to firms organized for the purpose of carrying on business in Ohio, or *for the purpose* of holding property therein." The statute reads:

"A partnership formed for the purpose of carrying on a trade or business in this state, or holding property therein," may sue and be sued by the firm name.

Church & Co. held property within the state, to wit, stock in the railroad company.

The case of Smith v. Hoover, 39 Ohio St. 249, involved a statute concerning constructive service in attachments issued by justices of the peace, and simply held that personal jurisdiction over a partnership was not acquired by constructive service by publication, when property of the defendant had been taken under an order of attachment.

[2] The defendants' criticism of the service on Church & Co., in view of the death of James A. Church, is answered by the decision of the Circuit Court of Appeals for this circuit in Spargo v. Converse, 191 Fed. 823, 112 C. C. A. 337. The proceeding is, in a sense, a proceeding in rem.

[3] In the next place, the defendants contend that the plaintiff's cause of action terminated by limitation 18 months after it became enforceable against the stockholders and before the present action was brought. This contention is based upon section 3258a of the Ohio Revised Statutes, enacted April 29, 1902, and re-enacted April 25, 1904:

"An action upon the liability of stockholders under the last preceding section can only be brought within eighteen months after the debt or obligation shall become enforceable against stockholders."

Assuming that this statute is applicable to the present action, I agree with Judge Hough (Irvine v. Simpson, memorandum decision, not for publication, November 10, 1913) that it is a statute of limitation, and therefore not available on demurrer.

The demurrer is overruled, and the defendants directed to answer within 20 days from the entry of order.