ALFRED W. GIESKE, and WILLIAM LENTZ, as Executors under the Last Will and Testament of Auguste Gieske, deceased, v. W. A. MARIN, as Receiver of Theopold-Reid Company, an insolvent corporation, of the State of Minnesota.

168 So. 820.

Division B.

Opinion Filed September 25, 1935.

On Rehearing June 10, 1936.

*Williams & Dart,* for Plaintiffs in Error;
*Williams & Williams,* for Defendant in Error.

BUFORD, J.—The writ of error is to a judgment in favor of Receiver Marin of Theopold-Reid Company, an insolvent corporation heretofore existing under the laws of the State of Minnesota. The Receiver filed suit in the court below against Alfred W. Gieske and William Lentz as Executors under the last will and testament of Auguste Gieske, deceased, claiming damages in the sum of $8,000.00. Recovery was sought against the defendants based upon a stock assessment under the statutory liability of stockholders adjudicated in the District Court of the Fifth Judicial District of the State of Minnesota as against Auguste Gieske and against the stock alleged to have been held by her as a stockholder in the insolvent corporation, Theopold-Reid Company.

It appears from the pleadings that Auguste Gieske had departed this life when the pleadings were instituted in Minnesota.

In speaking of the declaration we refer to the third amended declaration that is the declaration on which judgment was rendered.

The declaration shows that assessment was made upon 50 shares of 7% preferred stock of Theopold-Reid Company owned by Auguste Gieske, testatrix, at the time of her death and it is alleged that on the 13th day of March, 1927, the testatrix, Auguste Gieske, died· in Sarasota County, Florida. That at the time of her death she was the owner of 50 shares of 7% preferred stock of Theopold-Reid Company, a corporation organized and existing under the laws of the State of Minnesota, of the par value of $100.00 per share; that after the death of the testatrix the Theopold-Reid Company, a corporation as aforesaid, became insolvent and was adjudged to be insolvent by the District Court of the Fifth Judicial District, Rice County, Minnesota.

It was alleged that said court at that time had jurisdiction of the subject matter and of the parties and the plaintiff was duly and regularly appointed Receiver of said insolvent corporation.

It is further alleged that the stockholders of Theopold-Reid Company, upon said corporation becoming insolvent and being adjudged insolvent, became liable for and subject to an assessment of the stock of said corporation owned by any such stockholder, by reason of the fact that after the appointment of plaintiff as Receiver of the said insolvent corporation and upon the petition of plaintiff as such receiver, it was ordered and adjudged by the court that there was a statutory liability of stockholders to assessments, which it was necessary to resort to; that said court appointed a time for hearing in the manner required by the laws of Minnesota and that after notice of the time and place of such hearing was served by publication upon the said Auguste Gieske, testatrix, in the manner and form required by the laws of Minnesota, that is the same manner in which a summons in civil actions is served in the State of Minnesota; that the assessment was made by order of the said District Court in Minnesota assessing the owner of each share of said stock of said Theopold-Reid Company the sum of $100.00 per share; that the stock owned by the said testatrix, Auguste Gieske, was the part of the stock so assessed and that the estate of the said testatrix thereupon became liable for and subjct to said assessment.

It is further alleged that upon the death of the said testatrix her will was duly and regularly probated in Sarasota County, Florida, and proof of claim against said estate was duly and regularly made at the time and in the manner required by law in the State of Florida, but, notwithstanding the fact that the time required by the laws of the State

of Florida in which claims must be presented and proved against estates has elapsed, said assessment has not been paid although defendants had often been requested to pay the same.

Attached to and made a part of the declaration are copy of Section 3 of Article X of the Constitution of Minnesota concerning the liability of stockholders, and copies of certain statutes of the State of Minnesota of 1927 providing the manner for the enforcement of stockholders' liability, and copy of order or judgment of stock assessment referred to.

It is not necessary for us to quote the provisions of these statutes here. It is sufficient to say that the statutes appear to have been complied with, except that there is no proof of personal service of notice on the testatrix, Auguste Gieske. Pursuant to the provisions of the statute, an order and judgment was entered in the words and figures as follows, to-wit:

"The duly verified petition of W. A. Marin, as Receiver of the defendant corporation having been filed herein, from which it appears that the affairs of the said defendant corporation are now in process of liquidation as provided by law. That by said petition it further appears that the available assets or resources of said defendant corporation in the hands of the Receiver are insufficient to pay its unsecured creditors and the expenses of said Receivership and to pay the claims filed in said Receivership and allowed by the Court in full, and that it is necessary to resort to the stockholders superadded constitutional liability, and praying that a hundred per cent (100%) assessment upon the stock and against the stockholders of said corporation is necessary and should be ordered and assessed in these proceedings, and praying that the Court order and direct a

levy upon each share of the capital stock of said defendant corporation and against each and all of the stockholders and persons or parties liable as stockholders on account of the stockholders' liability under the Constitution and laws of the State of Minnesota, and ordering and directing the Receiver to bring and maintain actions against the stockholders and parties liable respectively who shall fail to pay said assessment within the time directed by the said order of assessment in any and every jurisdiction where said stockholder may be found, and ordering and fixing a time and place for hearing of said petition when and where evidence in support of, or in opposition to, said petition and all matters presented thereby may be adduced.

"Now, THEREFORE, upon reading and filing said petition and upon motion of W. A. Marin, as Receiver of said defendant corporation, and upon all the files and records herein, IT IS HEREBY ORDERED, That said petition and all matters presented thereby be heard at a special term of the above named Court to be held in the Court House, City of Fairbault, County of Rice, State of Minnesota, on the 5th day of May, 1930, at ten (10:00) o'clock in the forenoon of said day or as soon thereafter as counsel can be heard, at which time the Court will receive and consider such proof by affidavit or otherwise as may then be offered on said petition or in relation to matters therein contained by or on behalf of said petitioner or the stockholders of said defendant, or any party interested therein, and particularly upon the following points:

"1. The nature and probable extent of the indebtedness of the said corporation.

"2. The probable expense of the Receivership.

"3. The probable amount of the available assets.

"4. The parties liable as stockholders; the nature and extent of the liability of each, and their probable solvency and responsibility.

"It Is Further Ordered, That notice of the hearing on said petition shall be served upon all stockholders in the same manner as a summons is served in a civil action where personal service can well be made, and upon all non-resident stockholders of said defendant by mailing a notice of said hearing by registered mail duly addressed, postage prepaid, enveloped and sealed to each such non-resident stockholder at his last known place of residence and postoffice address at least ten (10) days before the date of said hearing, and by publication of notice of said hearing for three (3) successive weeks in the Fairbault Journal, a weekly newspaper printed and published in the said City of Fairbault, County of Rice, State of Minnesota, prior to the date of said hearing.

"It Is Further Ordered, That the notice to be published and inserted as aforesaid shall conform substantially to the form of notice hereto attached and marked 'Exhibit A' and hereby made a part hereof."

In the form of notice attached to the order there appears the name of Mrs. Auguste Gieske, Room 1215 Munsey, Baltimore, Maryland, 50 shares of stock, amount of assessment $5,000.00. The notice is shown to have contained the following, after the names of the stockholders and the amount of stock owned by each and the amount of assessment thereof, to-wit:

"That the constitutional liability of the aforesaid stockholders and each of them is the sum equal to the par value of the said stock or an amount equal to the sum set opposite the names of the aforesaid stockholders, and said petition prays for an order of assessment against each of said

stockholders amounting to a sum equivalent to the par value of the stocks of each stockholder in said corporation.

"The above named stockholders and each of them are therefore notified that the liability of each stockholder under the Constitution and laws of the State of Minnesota is a sum equal to the total amount set opposite the name of each of said stockholders."

As proof of publication of the notice as required by statute, there was affidavit made by the Receiver in the following language:

"W. A. Marin, being first duly sworn, says on oath that he is attorney for the plaintiff in the above entitled action and that he is the duly appointed, qualified and acting Receiver of the defendant, the Theopold-Reid Company.

"That on the 17th day of March, 1930, an order was made by the Court herein for a hearing on the petition of affiant as receiver of said Company for the assessment of the constitutional or super-added liability of the stockholders of the said corporation. That said hearing is set for the 5th day of May, 1930, and that by said Order affiant is ordered and directed to mail by registered mail a copy of the Notice of Hearing on said assessment to all of the stockholders not a resident of the state of Minnesota on whom personal service cannot be made.

"That the following described persons with their last known address are stockholders of the said corporation and are not residents of the State of Minnesota.

| "Stockholder | Address |
| --- | --- |
| W. H. Sahm | 703 E. 16th St., New York City. |
| Mrs. Auguste Geiske | Room 1215 Munsey Bldg., Baltimore, Maryland. |
| George E. Keiser | 129 Front St., New York, N. Y. |

Arthur R. Joyce        332 So. Michigan Avenue,
                          Chicago, Ill.
State Bank of Kiel     Kiel, Wisconsin.
A. A. Hedrick          Buffalo, N. Y.

"Further affiant sayeth not."

Thereupon Order was made in the District Court of the Fifth Judicial District, wherein it was ordered and adjudged as follows:

"It Is Hereby Ordered that an assessment equal to the par value of each share of the capital stock of the said corporation, both preferred and common, to-wit: the sum of One Hundred Dollars ($100.00) on each and every share of the said capital stock of the said corporation be, and the same is hereby assessed upon and against each and every share of the said capital stock, and upon and against the person or parties liable as stockholders of said corporation, for, upon or on account of such shares of stock; that each and every person or party liable as such stockholder of the said corporation pay to the said W. A. Marin, said Receiver, at his office, 416 New York Life Building, in the City of Minneapolis, County of Hennepin, State of Minnesota, within thirty (30) days after the date of this Order the sum of One Hundred Dollars ($100.00) for and on account of each and every share of the said stock for or on account of which said persons or parties are liable as stockholders of the said corporation, and that said W. A. Marin as such Receiver of the said corporation forthwith proceed to collect the several amounts due from the several persons or parties liable as stockholders under the terms of this Order and hold the several amounts thus collected until the further Order of this Court.

"And It Is Further Ordered that in case any person or party liable as a stockholder of the said corporation as

aforesaid fails to pay the amount hereby assessed against the said share or shares of stock held or owned by such stockholders, or upon or on account of which he may be liable as aforesaid within the time hereinbefore specified, then the said W. A. Marin as such Receiver as aforesaid, is hereby authorized and directed forthwith to institute and prosecute such action or actions at law or in equity or other proceedings against such person or persons or parties liable in any court having jurisdiction whether in the State of Minnesota, or elsewhere, which the said W. A. Marin may deem necessary or proper for the recovery of the amount due from such person or persons under the terms of this Order, with the right to the said W. A. Marin to prosecute appeals, or sue out writs of error in any action which may be brought and hold the amount so collected until the further order of this Court.

"AND IT IS FURTHER ORDERED that the said W. A. Marin give notice of this order by causing a copy of the same to be mailed to each stockholder of the said corporation whose post office address is known to the said Receiver, or his attorneys, within fifteen (15) days from the date hereof.

"Dated at Fairbault, Minnesota, this 7th day of May, 1930."

Pleas interposed by the defendant were:

"1st. That they never were indebted as alleged: (2nd) that they did not promise as alleged, and (3rd) Defendants deny that proof of the claim sued upon against the said estate of the said Auguste Gieske was duly and regularly made in the time and in the manner required by the laws of the State of Florida."

The plaintiff filed replication to the 3rd plea. The replication alleges:

"That it is true that the plaintiff did not file his claim with the County Judge of Sarasota County, Florida, within one year after the 26th day of March, 1927, same being the date of the first notice to creditors (of the first publication), for the reason that he, the plaintiff, was not appointed Receiver of Theopold-Reid Company until March 8th, 1929, and that the liability herein sued upon did not accrue until the 7th day of May, 1930, and prior to that time the plaintiff was not authorized, allowed or permitted to file the said claim as Receiver until the 7th day of May, 1930, but ·soon after that, on to-wit the 16th day of December, 1930, the Plaintiff presented his claim as required by law, and before the Defendants had filed and/or recorded with the County Judge of Sarasota County, Florida, the proof by publication of any notice to creditors, and that said notice to creditors was not recorded as required by law; said claim was filed before full distribution of the assets of said estate, and before the estate was closed, and the said executors have not yet been discharged."

Now the record shows that the adjudication of liability, that is the Order of Assessment, was made on the 7th day of May, 1930. Therefore the assessment under the laws of Minnesota against the owner of the stock in the insolvent corporation did not accrue as an enforceable obligation until the said 7th day of May, 1930. There is no plea to the jurisdiction of Minnesota Court which entered the judgment of assessment.

Therefore, it appears that the real question for us to determine is whether or not a judgment providing for a stock assessment under the Constitution and laws of the State of Minnesota made against all stockholders of an insolvent corporation existing under the laws of that State is valid and binding on the Executors of the estate of a testatrix

who died prior to the institution of the proceedings leading up to the adjudication of stock assessment when the records of the corporation showed the stock to have been issued to such testatrix and never transferred from such testatrix.

The claim could not have been considered a claim existing against the testatrix at the time of her death because it only became an enforceable claim by the judgment of the Court in the State of Minnesota purusant to the proceedings filed after the death of the testatrix. Therefore, if this became and was by reason of the judgments in Minnesota, a claim enforceable against the Executors, it is immaterial whether same was filed in the County Judge's Court within the statutory period provided in Florida for the filing of claims against the estate of a testatrix, or not. If it was a valid claim against the Executors in their representative capacity then it might be enforced at any time before their discharge.

The right to collect the stock assessment is based upon the stock ownership. It is alleged, and not denied, that the stock ownership was in Auguste Gieske at the time of her death and passed to her executors. The law applicable to this case appears to be clearly stated in 14 C. J. 998 where it is said:

"But where a proceeding in insolvency has taken place in the state which is the domicile of the corporation, in which proceeding the amount which ought to be paid by each stockholder, under the governing statute, to liquidate the debts of the corporation, has been ascertained the receiver or other liquidating officer, duly appointed in the foreign jurisdiction and by statute or decree made a quasi trustee or assignee invested with all the rights possessed by the creditors, may maintain an action against a domestic stockholder in such foreign corporation to recover his share of

the amount necessary to a liquidation so ascertained. And, where the order levying the assessment in the State of the corporation's domicile is conclusive as to stockholders, the refusal of the right of the receiver of the corporation's domicile to sue is a denial of full faith and credit to the law of the domicile and the right of such a receiver to sue in a foreign state is not based on comity. The right of the receiver to sue the nonresident stockholders for the enforcement of the statutory liability is not affected by the fact that the stockholder was not a party to the proceeding to marshal the property of the corporation and to reach and apply the further security of his liability, because the corporation must be regarded so far as his agent that he is considered as present by representation for the purpose of the suit. Where a proceeding has for its purpose the liquidation of the affairs of a corporation and the collection and application of its assets and other liabilities to be administered for the benefit of creditors, the representation which the stockholder has by virtue of his membership in the corporation is all that he is entitled to. And in the absence of fraud, the decree in such proceeding is not open to collateral attack by the stockholder when sued by the representative of the corporation to collect the assessment thereby ordered. A proceeding against a non-resident stockholder not served with process neither deprives him of his property without due process of law, nor denies him the equal protection of the law. Nevertheless, it is not to be understood from anything here said that the stockholder when sued to enforce his liability is foreclosed from showing any defense purely personal to himself, such for instance as that he is not in fact a stockholder, or that he has paid all of the amount for which he is liable, or that he has a valid set-off. The rule that, where a foreign

statute which creates the liability of the stockholder also provides a remedy for the enforcement of that liability, such remedy is exclusive and the courts of another state will not enforce it, is not applicable to prevent a receiver appointed in the state of the corporation's domicile in a proceeding to enforce the liability of stockholders from suing in the courts of another state, although the statute of the domicile provides that the court in which the proceedings to enforce the liability of the stockholders are brought may authorize and direct the receiver to prosecute the stockholders' liability in other jurisdictions."

In Richmond v. Irons, *et al.*, as Executrix and Executors of James Irons, deceased, 121 U. S. 27, 30 Law. Ed. 864, it was held:

"Another assignment of error is peculiar to the appeal of the administrator *de bonis non* of William H. Adams, deceased. William H. Adams in his lifetime was one of the defendants in the amended bill of 1876, and at the time of the suspension of the bank a stockholder to the extent of 240 shares. He died June 6, 1882, during the pendency of the suit, which stands revived against his administrator *de bonis non.* The administrator contended that the personal liability of his intestate did not survive as against the administrator and that, therefore, no decree could be rendered against him subjecting the estate of Adams in his hands for administration. The judicial decisions more directly relied upon by the appellant in support of this contention are those of Dane v. Dane Mfg. Co., 14 Gray 488; Bacon v. Pomeroy, 104 Mass. 577; Ripley v. Sampson, 10 Pick. 370; Bangs v. Lincoln, 10 Gray 800; Gray v. Coffin, 9 Cush. 192. These cases, however, so far as they are in point, are based upon the particular language of the statutes of Massachusetts, materially differing from that con-

tained in the National Banking Act. Under that Act the individual liability of the stockholders is an essential element in the contract by which the stockholders became members of the corporation. It is voluntarily entered into by subscribing for and accepting shares of stock. Its obligation becomes a part of every contract, debt, and engagement of the bank itself, as much so as if they were made directly by the stockholder instead of by the corporation. There is nothing in the statute to indicate that the obligation arising upon these undertakings and promises should not have the same force and effect, and be as binding in all respects, as any other contracts of the individual stockholder. We hold, therefore, that the obligation of the stockholder survives as against his personal representatives. Flash v. Conn., 109 U. S. 371 (27 966); Hobart v. Johnson, 19 Blatchf. 359. In Massachusetts it was held in Grew v. Breed, 10 Metc. 569, that administrators of deceased stockholders were chargeable in equity, as for other debts of their intestate, in their representative capacity."

In Hawkins v. Glenn, Trustee, 131 U. S. 39, 33 Law. Ed. 184, it was said:

"We think it cannot be doubted that a decree against a corporation in respect to corporate matters, such as the making of an assessment in the discharge of a duty resting on the corporation, necessarily binds its members in the absence of fraud, and that this is involved in the contract created in becoming a stockholder."

Further, in the same case, it was said, quoting from Scovill v. Thayer, 105 U. S. 143:

" 'There was no obligation resting on the stockholder to pay at all until some authorized demand in behalf of creditors was made for payment. The defendant owed the creditors nothing, and he owed the company nothing save

such unpaid portion of his stock as might be necessary to satisfy the claim of the creditors. Upon the bankruptcy of the company, his obligation was to pay to the assignees, upon demand, such an amount upon his unpaid stock as would be sufficient, with the other assets of the company, to pay its debts. He was under no obligation to pay any more, and he was under no obligation to pay anything until the amount necessary for him to pay was at least approximately ascertained. Until then his obligation to pay did not become complete.' And it was held, 'That when stock is subscribed to be paid upon call of the company, and the company refuses or neglects to make the call, a court of equity may itself make the call, if the interests of the creditors require it. The court will do what it is the duty of the company to do. But, under such circumstances, before there is any obligation upon the stockholder to pay without an assessment and call of the company, there must be some order of a court of competent jurisdiction, or, at the very least, some authorized demand upon him for payment; and it is clear the Statute of Limitations does not begin to run in his favor until such order or demand.' "

In Converse v. Hamilton, 224 U. S. 243, 56 Law Ed. 749, it was held:

"The refusal of the Wisconsin courts to permit an action to enforce the double liability of the stockholders in an insolvent Minnesota corporation to be maintained by the receiver of such corporation, who, by the proceedings in a sequestration suit brought conformably to Minn. Laws 1899, Chap 272, became a quasi assignee and representative of the creditors, and charged with the enforcement of the stockholders' liability in the Minnesota courts and elsewhere, denies the constitutional full faith and credit to the laws of Minnesota and the judicial proceedings in that State

upon which the receiver's title, authority and right to relief were grounded, and by which the stockholders, even though not made parties to the sequestration suit, and not notified otherwise than by publication or by mail of the applications for the orders levying the assessments, were bound."

In Bernheimer v. Converse, Receiver, 206 U. S. 516, 51 Law Ed. 1163, it was held:

"It may be regarded as settled that, upon acquiring stock the stockholder incurred an obligation arising from the constitutional provision, contractual in its nature, and, as such, capable of being enforced in the courts not only of that state, but of another state and of the United States (Whitman v. National Bank, 176 U. S. 559, 44 L. Ed. 587, 20 Sup. Ct. Rep. 477), although the obligation is not entirely contractual, and springs primarily from the law creating the obligation (Christopher v. Norwell, 201 U. S. 216, 50 L. Ed. 732, 26 Sup. Ct. Rep. 502).

And again, in the same case, it is said: "the liability arising under the Constitution of Minnesota was such that legislation was appropriate to make it effectual. We can find nothing in the fact that one Legislature has passed an Act which would conclude a subsequent lawmaking body of equal power from passing new and additional measures to make the remedy more effectual. That the first Act did not accomplish its purpose is evident. Under it, stockholders in another state, who could not be reached by personal service, were immune from liability, and the entire burden was cast upon local stockholders. There was no provision for a receiver or assignee beginning action outside the State, and it was held by this Court in Hale v. Allinson, *supra,* that a chancery receiver was powerless to enforce the rights of creditors beyond the borders of the State. In this condition of affairs the State of Minnesota has undertaken to

provide a proceeding for the settlement of insolvent corporations which shall ascertain the assets of a corporation, the extent of the indebtedness of the corporation, the amount to which it is necessary, if at all, to call upon the stockholders' liability. It is obviously an Act intended to make effectual the liability which is incurred by stockholders under the Constitution of the State, and it ought not to be rendered nugatory unless substantial objection exists against its enforcement. It operates equally upon all stockholders, at home and abroad, and assesses all by a uniform rule.

In this opinion, it is also said: "Nor can we see any substantial difference in this respect between a liability to be ascertained for the benefit of creditors upon a stock subscription and the liability for the same purpose which is entailed by becoming a member of a corporation, through the purchase of stock, whereby a contract is implied in favor of creditors. The object of the enforcement of both liabilities is for the benefit of creditors, and while it is true that one promise is directly to the corporation and the other does not belong to the corporation, but is for the benefit of its creditors, either liability may be enforced through a receiver acting for the benefit of creditors, under the orders of a court in winding up the corporation in case of its insolvency.

"It is sought to distinguish between the Massachusetts case of Howarth v. Lombard, *supra,* and kindred cases, and the one at bar, in the fact that when the stock was acquired in that case a statutory provision was already in existence which made the stockholder liable to an assessment in a proceeding in which the stockholder was represented by the corporation. But, as we have said, keeping within the constitutional measure of liability, it was within the power of

the Legislature of Minnesota to make provisions, within the limits of due process of law, for the liquidation of the affairs of the corporation in a proceeding in the state of its origin, wherein members of the corporation should be sufficiently represented by the presence of the corporation itself. This practice has the sanction of the courts, as we have already shown. It is substantially the procedure authorized by the national banking Act, except that the Comptroller of the Currency takes the place of the court, and, without the presence of the stockholders, makes a conclusive assessment. We cannot find any constitutional right belonging to the stockholder which is violated by this change in the character and nature of the remedy against him.

"By becoming a member of a Minnesota corporation, and assuming the liability attaching to such membership, he became subject to such regulations as the state might lawfully make to render the liability effectual."

And further, in the same case, it is held: "It is also contended that the action is barred by the statute of the State of New York, limiting to two years the right to bring an action for a debt of a corporation after the defendant ceased to be a stockholder. We do not think the provision of the statute (N. Y. Laws 1892, Chap. 688, No. 55) relied upon covers these cases. It evidently refers to domestic corporations, provided for in reference to the stockholder's liability created by the preceding section of the same Chapter. The cause of action did not accrue until the receiver could sue upon the assessment after the stockholder had failed to pay, as required by the order of the Minnesota court of December 22, 1902."

The conclusion which we have reached is supported by Wickham v. Hull, *et al.*, 60 Fed. 326, where it was held that

the estate of a deceased owner of national bank stock is liable to an assessment levied against his Executors in consequence of the failure of the bank after his death.

In Grand Rapids Savings Bank v. Warren, 18 N. W. 356, it was held: "In a suit against the estate of a deceased stockholder of a bank that has failed, it is sufficient for the creditor to show that the deceased was a stockholder therein up to the time of his death, and to show the judgment record by the creditor against such bank. This proof is sufficient in cases where the liability had attached at the date of the passage of the Acts of 1877, p. 129, which statute apparently takes away all remedy against the estates of deceased stockholders or against nonresident stockholders. The statute is inoperative as to cases in which the enforcement would release parties before liable.

"The liability of stockholders is commensurate with that of the corporation itself and extends to costs and interest on the judgments."

In Spargo v. Converse, 191 Fed. 823, it was held: "The validity of an assessment made by a court of Minnesota against the stockholders of an insolvent corporation under Rev. Laws Minn. 1905, Sections 3184-3190, is not affected as to a particular nonresident stockholder by the fact that such stockholder died before the assessment was made, nor because notice was addressed to him, and not to his executor; all stockholders in such proceeding, which is in a sense *in rem*, being represented by the corporation."

To like effect is Bailey v. Hollister, Administrator, 26 N. Y. Rep. 112; Miller & Lux Inc., v. Katz, 102 Pac. 946; Douglass v. Loftin, *et al.*, 85 Kan. 720, 119 Pac. 74. See also Farmers State Bank of Kingham, *et al.*, v. Callahan, 123 Kan. 638, 256 Pac. 961.

It therefore appears that under the pleadings and proof submitted, plaintiff was entitled to judgment. The same should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

## ON REHEARING.

BUFORD, J.—This case is before us on rehearing granted. We find no reason to recede from the opinion and judgment hereinbefore entered.

On the death of Auguste Gieske the Executors of her Last Will and Testament became the stockholders of the stock in the banking institution involved in this case and they were chargeable in their representative capacity as such stockholders. Section 8027, Mason's Minnesota Statutes, 1927, a statute duly proven as applicable law in this case, provides:

"Same—Order for assessment—Enforcement—Effect— Defenses available—Such order shall authorize and direct the assignee or receiver to collect the amount so assessed, and, on failure of anyone liable to such assessment to pay the same within the time prescribed, to prosecute an action against him, whether resident or non-resident, and wherever found. Such order shall be conclusive as to all matters relating to the amount, propriety, and necessity of the assessment, against all parties therein adjudged liable upon, or on account of, any stock or shares of such corporation, whether appearing or being represented at the hearing or not, or having notice thereof or not, except that the defense of *ultra vires* set forth in Section 6646 may be interposed by any stockholder in any suit for any such assessment and if maintained shall diminish the liability of such stockholder

in the proportion that the liabilities determined to be *ultra vires* shall bear to the total liabilities of such corporation."

Section 3, Article X, of the Constitution of Minnesota provides as follows:

"Liability of stockholders—Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

In Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163, Mr. Justice DAY, speaking for the Court in the opinion which dealt with the Minnesota statutes regarding the liabilities of stockholders in defunct corporations, set forth those statements which we quoted in our origial opinion in this case. And, amongst other things, he said: "By becoming a member of a Minnesota corporation and assuming the liability attaching to such membership he became subject to such regulations as the State might lawfully make to render the liability effectual."

In addition to what was said in the original opinion it was pointed out in the case of Bernheimer v. Converse, *supra,* that it had been held in Hawkins v. Glenn, 131 U. S. 319, 33 L. Ed. 184; Great Western Telegraph Co. v. Purdy, 162 U. S. 329, 40 L. Ed. 986, that when an assessment is necessary to be made upon unpaid stock subscriptions for the benefit of creditors the court may make the assessment without the presence or personal service of the stockholder. In the original opinion we quoted from Spargo v. Converse, 191 Fed. 823.

It has been contended on rehearing that a judgment of assessment upheld in that case was so upheld because the original stockholder was living at the time a first assess-

ment of 36% was made, but died before the second assessment was made.

The first assessment was made December 22, 1902, and the other was made on June 11, 1907. It appears that there was no connection between the two assessments except that they were made on the basis of the same certificates of stock. In regard to this second assessment the Court said:

"The proceeding under the Minnesota law is in a sense a proceeding *in rem*. It provides for assessment against each share of the stock and for the payment of the amount so assessed. Whoever is the lawful owner and holder of the stock must pay the amount. While he is the lawful owner he is entitled to all the advantages and must suffer all the disadvantages incident to such holding. If the stock earns dividends he will receive them. If it be assessed to pay losses he must pay them. The proceeding in Minnesota was against a corporation which represented its stockholders and the Receiver complied with the order and followed the direction of the court. Notice was sent to all persons whose names and addresses were known to the Receiver. The judgment of the Minnesota court cannot be disregarded. It is conclusive as to the insolvency of the corporation and that the assessment of 64% was necessary to enable it to pay its debts. The stockholders whether holding individually or in a representative capacity were liable for the amount so assessed. The law of Minnesota (Rev. Laws 1905, Sec. 3186) provides that:

"Such an order shall be conclusive as to all matters relating to the amount, propriety and necessity of the assessment, against all parties therein adjudged liable upon or on account of any stock or shares of such corporation,

892

whether appearing or being represented at the hearing or not, or having notice thereof or not."

In Straw & Ellsworth Co. v. Kilbourne Co., 80 Minn. 125, 83 N. W. 36, the Court says:

. " 'The order of assessment is, under Section 5 (Laws 1899, c. 272), conclusive upon all of the stockholders, so far as it decides the amount of assets and liabilities of the corporation before the court, and is conclusive as to the necessity of making an assessment to the extent and in the amount ordered.' "

So, the judgment rendered herein on September 25, 1935, is now reaffirmed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

BROWN, J., dissents.

ELLIS, P. J., not participating.